NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorney
MATTHEW J. BARRAGAN (Cal. Bar No. 283883)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2444
Facsimile: (213) 894-7819
E-mail: Alarice.Medrano@usdoj.gov
Matthew.Barragan@usdoj.gov

Attorneys for Defendant
U.S. Department of Health and Human Services

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JOHN W. SIGLER,

Plaintiff,

v.

U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,

Defendant.

No. CV 18-00683 ODW(JCx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW; DECLARATION OF MATTHEW J. BARRAGAN; DECLARATION OF MICHAEL S. MARQUIS; AND [PROPOSED] JUDGMENT**

Hearing Date: February 25, 2019
Hearing Time: 1:30 p.m.
Place: First Street Courthouse, Courtroom 5D

Honorable Otis D. Wright II
United States District Judge

# TABLE OF CONTENTS


DESCRIPTION — PAGE

TABLE OF AUTHORITIES ..... ii

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ..... v

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

A. Factual Background ..... 1

B. Statutory Background ..... 4

III. LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 5

A. HHS Conducted an Adequate Search for Records ..... 5

B. HHS Properly Withheld Information under Applicable FOIA Exemptions. ..... 6

1. FOIA Exemption (b)(4) ..... 7

2. FOIA Exemption (b)(5) ..... 8

3. FOIA Exemption (b)(6) ..... 9

4. FOIA Exemption (b)(7)(C) ..... 10

5. FOIA Exemption (b)(7)(E) ..... 11

C. HHS Released All Reasonably Segregable Information ..... 12

V. CONCLUSION ..... 14

## TABLE OF AUTHORITIES

DESCRIPTION PAGE

**FEDERAL CASES**

*ACLU v. U.S. Dep't of Justice*,
880 F.3d 473 (9th Cir. 2018) .......... 13

*Animal Legal Def. Fund v. FDA*,
836 F.3d 987 (9th Cir. 2016) .......... 4

*Berman v. CIA*,
501 F.3d 1136 (9th Cir. 2007) .......... 5

*Church of Scientology Int'l v. IRS*,
995 F.2d 916 (9th Cir. 1993) .......... 10

*Citizens Comm'n on Human Rights v. FDA*,
45 F.3d 1325 (9th Cir. 1995) .......... 5, 6

*Dep't of Justice v. Tax Analysts*,
492 U.S. 136 (1989) .......... 6

*FBI v. Abramson*,
456 U.S. 615 (1982) .......... 4

*Forest Service Empls. for Envtl. Ethics v. U.S. Forest Serv.*,
524 F.3d 1021 (9th Cir. 2008) .......... 9

*Hamdan v. U.S. Dep't of Justice*,
797 F.3d 759 (9th Cir. 2015) .......... 12

*Iturralde v. Comptroller of Currency*,
315 F.3d 311 (D.C. Cir. 2003) .......... 6

*John Doe Agency v. John Doe Corp.*,
493 U.S. 146 (1989) .......... 4

*Johnson v. Exec. Office for U.S. Attorneys*,
310 F.3d 771 (D.C. Cir. 2002) .......... 12, 13

*Kissinger v. Reporters Comm.*,
445 U.S. 136 (1980) .......... 6

*Lahr v. Nat'l Transp. Safety Bd.*,
569 F.3d 964 (9th Cir. 2009) .......... 4, 6, 10

*Lane v. Dep't of Interior*,
523 F.3d 1128 (9th Cir. 2008) .......... 5

///

*Minier v. CIA*,
88 F.3d 796 (9th Cir. 1996) .......... 5

*Nation Magazine v. U.S. Customs Serv.*,
71 F.3d 885 (D.C. Cir. 1995) .......... 5

*Oglesby v. U.S. Dep't of Army*,
920 F.2d 57 (D.C. Cir. 1990) .......... 6

*Pac. Fisheries, Inc. v. United States*,
539 F.3d 1143 (9th Cir. 2008) .......... 12

*Rosenfeld v. Dep't of Justice*,
57 F.3d 803 (9th Cir. 1995) .......... 10

*SafeCard Servs. Inc. v. SEC*,
926 F.2d 1197 (D.C. Cir. 1991) .......... 4, 6

*Vaughn v. Rosen*,
484 F.2d 820, 823-25 (D.C. Cir. 1973) .......... v

*Willamette Indus., Inc. v. United States*,
689 F.2d 865 (9th Cir. 1982) .......... 12

*Yonemoto v. Dep't of Veterans Affairs*,
686 F.3d 681 (9th Cir. 2012) .......... v, 4, 7

*Zemansky v. EPA*,
767 F.2d 569 (9th Cir. 1985) .......... 5

**<u>FEDERAL STATUTES</u>**

5 U.S.C. § 522 .......... passim

5 U.S.C. § 552(a)(3)(A) .......... 1, 6

5 U.S.C. § 552(a)(4)(B) .......... 4, 6, 12

5 U.S.C. § 552(b) .......... 6, 11

5 U.S.C. § 552(b)(4) .......... 1, 3, 5, 7

5 U.S.C. § 552(b)(5) .......... 1, 3, 5, 7

5 U.S.C. § 552(b)(6) .......... 1, 3, 5, 7

5 U.S.C. § 552(b)(7) .......... 9

5 U.S.C. § 552(b)(7)(C) .......... 1, 3, 5, 7

5 U.S.C. § 552(b)(7)(E) .......... passim

///

**OTHER**

Fed. R. Civ. P. 26(f) .......... vi
Fed. R. Civ. P. 56 .......... v

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that, in accordance with the Court's Order setting a briefing schedule (Docket No. 19.), the U.S. Department of Health and Human Services ("HHS") will bring for hearing a motion for summary judgment on February 25, 2019, at 1:30 p.m. before the Honorable Otis D. Wright II, United States District Judge, in Courtroom 5D of the First Street United States Courthouse, located at 350 W. 1st Street, Los Angeles, California 90012.

HHS, by and through its counsel at the United States Attorney's Office for the Central District of California, respectfully moves this Court for summary judgment under Federal Rule of Civil Procedure 56, on the grounds that Plaintiff John W. Sigler cannot raise a genuine dispute of material fact or otherwise prevail on his claim against HHS and that HHS is therefore entitled to judgment as a matter of law.

This Motion is made upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Matthew J. Barragan, the Declaration of Michael S. Marquis, the *Vaughn* Index[1] and the exhibits and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

///

///

///

---

[1] A Vaughn Index is a document that is prepared in litigation to justify withholding of information under the FOIA. The term arose from the case of *Vaughn v. Rosen*, 484 F.2d 820, 823-25 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974), in which such an index was required to determine the validity of the agency's withholdings. *See also Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2012) (describing requirements for *Vaughn* Index).

This Motion is made following the conference of counsel as required by Local Rule 7-3, which took place on April 16, 2018, during the parties' meeting to prepare the Rule 26(f) Report in this case. *See* Declaration of Matthew J. Barragan ("Barragan Decl.") ¶ 3.

Dated: November 14, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ Matthew J. Barragan
MATTHEW J. BARRAGAN
Assistant United States Attorney

Attorneys for Defendant
U.S. Department of Health and Human Services

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action concerns a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request by Plaintiff John W. Sigler ("Plaintiff") to the U.S. Department of Health and Human Services ("HHS" or "Defendant"). The request seeks disclosure of documents related to two Health Insurance Portability and Accountability Act ("HIPAA") complaints Plaintiff filed with HHS, Office for Civil Rights ("OCR"), against his former healthcare provider, HealthPointe Medical Group ("HealthPointe"). Plaintiff's HIPAA complaints are identified as OCR transaction numbers 16-247377 ("2016 HIPAA Complaint") and 17-258405 ("2017 HIPAA Complaint"). HHS has identified 308 pages of records responsive to Plaintiff's HIPAA complaints.[2]

After careful review of these pages, HHS released 193 pages in their entirety, released portions of 8 other pages, and withheld 87 pages in their entirety. HHS made withholdings in accordance with FOIA Exemptions 4, 5, 6, 7(C) and 7(E). Defendant is entitled to summary judgment for two reasons. First, HHS has conducted a search reasonably calculated to uncover all records responsive to Plaintiff's FOIA request. Second, HHS properly withheld information pursuant to FOIA Exemptions 4, 5, 6, 7(C) and 7(E). *See* 5 U.S.C. §§ 552(b)(4), (5), (6), (7)(C) and (7)(E). For these reasons, as discussed in more detail below, Defendant respectfully requests the Court to grant HHS's Motion for Summary Judgment.

### II. BACKGROUND

#### A. Factual Background

On May 10, 2017, Plaintiff submitted a FOIA request to HHS seeking all correspondence sent out by OCR in their processing of his 2016 and 2017 HIPAA complaints, and correspondence sent to and received from HealthPointe. *See* Plaintiff's Complaint ("Compl."), Docket No. 1, Exhibit ("Ex.") 1; *see also* Declaration of Michael

---

[2] Specifically, HHS identified 24 pages of records responsive to the 2016 HIPAA Complaint and 284 pages responsive to the 2017 HIPAA Complaint.

S. Marquis ("Marquis Decl.") ¶¶ 7, 8(a), 8(b). On May 11, 2017, HHS sent Plaintiff a formal acknowledgment letter assigning Plaintiff's request tracking number 2017-0737-FOIA-OS. *Id.* ¶ 9, Ex. 1. After reviewing Plaintiff's FOIA request, the Freedom of Information/Privacy Acts Division for HHS ("FOIA Office") forwarded the request to OCR for a search of records responsive to Plaintiff's request. *Id.* ¶ 10. The FOIA Office based this decision on the fact that Plaintiff requested correspondence related to two HIPAA complaints submitted to OCR. *Id.* ¶ 12.

OCR enforces HIPAA and maintains records regarding complaints, reviews, and correspondence in the Program Information Management System ("PIMS"). *Id.* ¶¶ 11-12. PIMS is the OCR electronic system containing the complaint files and log composed of complaint allegations, information gathered during the complaint investigation, findings and results of the investigation, and correspondence relating to the investigation, as well as status information for all complaints. *Id.* ¶ 12. PIMS is organized by OCR transaction number. *Id.* Accordingly, HHS determined that it was reasonably likely that all records responsive to Plaintiff's FOIA request would be located in a search of PIMS. *Id.*

OCR conducted searches of PIMS for any and all original records responsive to Plaintiff's request using the transaction numbers Plaintiff provided to HHS. *Id.* ¶13. On May 16, 2017, OCR provided 24 pages of records responsive to the 2016 HIPAA Complaint to the FOIA Office. *Id.* ¶ 14. On June 22, 2017, HHS provided Plaintiff with a letter responding to his FOIA request and released documents related to the 2016 HIPAA Complaint. *Id.* ¶ 14, Ex. 2. Documents related to the 2017 HIPAA Complaint were not included in the June 2017 release because OCR was still investigating the matter at the time of Defendant's response. *Id.* ¶ 23.

On September 21, 2017, Plaintiff filed an administrative appeal regarding Defendant's withholding of documents related to the 2017 HIPAA Complaint. *Id.* ¶ 16. Plaintiff also erroneously resubmitted his original FOIA request to HHS on September 21, 2017. *Id.* ¶ 17.

On October 4, 2017, HHS sent Plaintiff an acknowledgment letter and assigned the appeal tracking number 2017-00085-A-OS. *Id.* ¶ 17, Ex. 3. On October 5, 2017, HHS acknowledged his second FOIA request and assigned it tracking number 2017-01205-FOIA-OS. *Id.* ¶ 19, Ex. 4. On January 12, 2018, Defendant responded that Plaintiff's second FOIA request was a duplicate of the first FOIA request. *Id.* ¶ 20, Ex. 5.

On January 17, 2018, HHS notified Plaintiff via email that it requested records responsive to the 2017 HIPAA Complaint and that OCR was providing those records to the FOIA Office for review and processing. *Id.* ¶ 22, Ex. 6. On January 23, 2018, OCR provided the FOIA Office with responsive records from PIMS regarding the 2017 HIPAA Complaint. *Id.* ¶ 24.

Plaintiff filed this District Court Complaint on January 26, 2018. *See* Compl. In his Complaint, Plaintiff alleges that HHS failed to adequately search for and promptly release responsive records and that HHS is wrongfully withholding documents. *Id.*

On February 14, 2018, HHS provided Plaintiff with a supplemental response letter and released additional documents responsive to his request, including documents related to both his 2016 and 2017 HIPAA Complaints. Marquis Decl. ¶ 25, Ex. 7. Specifically, HHS released 190 pages in their entirety, released 3 pages with portions redacted, and withheld 115 pages in their entirety. *Id.*

On October 31, 2018, HHS provided another supplemental release of records responsive to the 2016 and 2017 HIPAA Complaints. Marquis Decl. ¶ 26, Ex. 8. HHS released 193 pages in their entirety, released portions of 8 pages, and withheld 107 pages in their entirety. *Id.* HHS made the withholdings pursuant to Exemptions 4, 5, 6, 7(C) and 7(E) of the FOIA, 5 U.S.C. § 552(b)(4), (b)(5), (b)(6), (b)(7)(C), (b)(7)(E). *See Id.*, Ex. 8.

On November 5, 2018, HHS provided a final supplemental release of records responsive to the 2017 HIPAA Complaint, which removed the FOIA Exemption 4 withholdings from 20 pages and recoded one previous withholding as FOIA Exemptions

6 and 7(C). *Id.* ¶¶ 26-28, Ex. 9. As a result, HHS released 193 pages in their entirety, released portions of 8 pages, and withheld 87 pages in their entirety. *See* Marquis Decl. ¶ 26, Ex. 10 ("Vaughn Index"). The redacted documents are identified in the *Vaughn* Index, and copies are attached thereto.

**B. Statutory Background**

"FOIA was enacted to facilitate public access to Government documents." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009) (quotation omitted). The statute represents a balance struck by Congress "between the right of the public to know and the need of the Government to keep information in confidence." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989). Congress recognized "that legitimate governmental and private interests could be harmed by release of certain types of information and provided nine specific exemptions under which disclosure could be refused." *FBI v. Abramson*, 456 U.S. 615, 621 (1982); *see also Lahr*, 569 F.3d at 973 ("FOIA contemplates that some information may legitimately be kept from the public. The statute contains nine enumerated exemptions allowing the government to withhold documents or portions of documents."). While these exemptions are to be "narrowly construed," *Abramson*, 456 U.S. at 630, courts must not fail to give them "meaningful reach and application." *John Doe*, 493 U.S. at 152.

## III. LEGAL STANDARD

Most FOIA cases are resolved on summary judgment. *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2012), *overruled on other grounds by Animal Legal Def. Fund v. FDA*, 836 F.3d 987 (9th Cir. 2016), *rev'd*, 839 F.3d 750 (9th Cir. 2016). A court reviews an agency's response to a FOIA request *de novo*. 5 U.S.C. § 552(a)(4)(B). Summary judgment may be granted to an agency in a FOIA case on the basis of information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemptions, and show that the justifications are not controverted by contrary evidence in the record or by evidence of [agency] bad

faith." *Berman v. CIA*, 501 F.3d 1136, 1140 (9th Cir. 2007). "If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1135-36 (9th Cir. 2008) (quotations and citations omitted). In evaluating an exemption claim, a court "must accord substantial weight to [the agency's] affidavits." *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996) (quotation omitted).

## IV. ARGUMENT

HHS has satisfied its obligations under FOIA with respect to Plaintiff's request. As the Declaration of Michael S. Marquis and *Vaughn* Index establish, and as described more fully below, HHS conducted searches that were reasonably calculated to locate all responsive records. The agency properly applied FOIA exemptions to withhold information protected from disclosure by FOIA Exemptions 4, 5, 6, 7(C) and (7)(E). 5 U.S.C. §§ 552(b)(4), (5), (6), (7)(C) and (7)(E). Those withholdings were necessary and appropriate to protect commercial information not available to the public, the government's privileged information, and private individuals' personal privacy information. Because Defendant has not improperly withheld any non-exempt responsive records, there is no genuine issue as to any material fact and summary judgment should be granted in favor of Defendant.

### A. HHS Conducted an Adequate Search for Records.

As described in the Declaration of Michael S. Marquis, the FOIA Officer for HHS, HHS conducted searches that were reasonably expected to discover records subject to the FOIA responsive to Plaintiff's request. In FOIA cases, "[t]he adequacy of the agency's search is judged by a standard of reasonableness, construing the facts in the light most favorable to the requestor." *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995) (citing *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985)). An agency's search for records is considered "adequate" if it was conducted "using methods which can be reasonably expected to produce the information requested." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995)

(quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *Lahr*, 569 F.3d at 986; *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (the agency need only show that "the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant."). The "issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Citizens Comm'n on Human Right*, 45 F.3d at 1328; *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."). An agency's search need not be exhaustive, merely reasonable. *Oglesby*, 920 F.2d at 68. The agency need not search every record system, but must conduct a good faith, reasonable search of those systems of records likely to possess the requested records. *Id.* Here, HHS conducted an adequate search for records because it searched in locations where responsive documents are likely to be located, OCR and PIMS, and used OCR transaction numbers related to Plaintiff's 2016 and 2017 HIPAA Complaints. *See* Marquis Decl. ¶¶ 10-13, 23-24. Thus, the searches conducted by HHS were reasonably calculated to uncover all responsive records.

### B. HHS Properly Withheld Information under Applicable FOIA Exemptions.

FOIA requires an agency to disclose agency records, upon written request, except for those records that are protected from disclosure by any of the nine FOIA exemptions, or fall within three categories of excluded records. *See* 5 U.S.C. § 552(b). Under FOIA, a court is authorized to enjoin an agency from withholding agency records and to order the production of agency records improperly withheld from a person who properly submitted a written request for the records. 5 U.S.C. § 552(a)(4)(B); *see also* 5 U.S.C. § 552(a)(3)(A); *Kissinger v. Reporters Comm.*, 445 U.S. 136, 150 (1980). To "withhold" agency records means to refuse to give records to the requestor or to deny a valid request. *See Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 149–50 (1989); *Kissinger v.*

*Reporters Comm.*, 445 U.S. at 155 (noting that withholding agency records is an essential prerequisite to liability in FOIA suits).

Here, HHS identified and reviewed 308 pages of records responsive to Plaintiff's FOIA request. After review of the records, HHS released 193 pages in their entirety, released portions of 8 other pages, and withheld 87 pages in their entirety. HHS made the withholdings pursuant to FOIA Exemptions 4, 5, 6, 7(C) and/or 7(E). 5 U.S.C. §§ 552(b)(4), (5), (6), (7)(C) and (7)(E); *see* Marquis Decl. ¶ 26. HHS has detailed all of these withholdings in the *Vaughn* Index and the Declaration of Michael S. Marquis submitted in support of this Motion. Those documents provide justification for, and set forth clear and detailed descriptions of the basis for, redacting the documents or portions of documents that were not produced. *See Yonemoto*, 686 F.3d at 688.

1. <u>FOIA Exemption (b)(4)</u>

Exemption 4 to the FOIA exempts from disclosure "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." 5 U.S.C. § 552(b)(4). It ensures that federal agencies will continually be able to obtain necessary and reliable commercial and financial information from outside the government. *Critical Mass Energy Project v. NRC*, 975 F.2d 871, 877-78 (D.C. Cir. 1992) (citing *Nat'l Parks and Conservation Ass'n v. Morton*, 498 F.2d 765, 767 (D.C. Cir. 1974)), *cert. denied*, 507 U.S. 984 (1993).

With respect to the material withheld under Exemption 4 to the FOIA, HHS determined that 21 pages (Bates numbers 000250-70) consist of confidential commercial information because they are documents related to HealthPointe's internal policies. Marquis Decl. ¶ 32. When records are submitted to the government voluntarily, rather than pursuant to legal mandate of the agency, the test for "confidentiality" under Exemption 4 is whether the information is of a kind that the provider would not customarily release to the public. *Id.* ¶ 34; *see Critical Mass Energy Project*, 975 F.2d at 879 (financial or commercial information provided to the government on a voluntary basis is "confidential" for the purpose of Exemption 4 if it is of a kind that would

customarily not be released to the public by the person from whom it was obtained). Here, Defendant determined that the 21 pages of HealthPointe's internal policies are not available to the public. *Id.* ¶ 32. Moreover, release of this withheld information would impair HHS's ability to obtain these types of internal policies in the future. *See Vaughn* Index at 3. Accordingly, the 21 pages referenced above were properly withheld under Exemption 4.

2. FOIA Exemption (b)(5)

Exemption 5 to the FOIA exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption applies to documents that are normally privileged in the civil litigation context. Consequently, Exemption 5 permits the withholding of all or portions of any documents that are subject to the deliberative process privilege, the attorney-client privilege, the work-product doctrine, and the common interest doctrine, among other privileges available in the civil litigation context. Marquis Decl. ¶ 35.

In this case, the deliberative process privilege was invoked to withhold portions of 2 pages (Bates numbers 000057-58), an email exchange between OCR employees and an OCR contractor requesting additional information and updates regarding an OCR complaint, and the answers to that request, as well as an individual's interpretation of what those answers mean for OCR. *See Vaughn* Index. The deliberative process privilege protects the internal deliberations of an agency by exempting from release recommendations, analyses, opinions, advisory guidance, and other non-factual information prepared as part of an agency decision-making process. Marquis Decl. ¶ 36.

The purpose of the deliberative process privilege is to prevent injury to the quality of agency decisions. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975). Thus, pre-decisional material comprising and reflecting internal deliberation may properly be withheld as release would have a chilling effect on producing quality decisions because agency personnel would be less candid in developing and sharing such opinions,

recommendations or viewpoints. Marquis Decl. ¶ 36. If agency personnel knew that their preliminary opinions, evaluations, thought processes, and comments would be released to the public, they would be more circumspect in what they put in writing, and thereby impede candid discussion and development of the issues leading to a decision. *Id.* Additionally, the release of such internal deliberation and advisory material only serves to confuse the public, as the information reflects non-final policy and release positions related to actual records releases. *Id.*

Here, HHS applied Exemption 5 to protect a predecisional, deliberative, intra-agency discussion of how to handle a certain OCR complaint. *Id.* As explained by the FOIA Officer, the deliberative information withheld pertains to communications between OCR employees and an OCR contractor regarding the handling and status of a complaint and interpretations of what that status means. As the release of the withheld material would compromise the agency's deliberative process in investigating and considering information in civil rights complaint investigations, HHS properly withheld the requested information pursuant to Exemption 5.

3. FOIA Exemption (b)(6)

Exemption (b)(6) applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The phrase "similar files" "has a broad, rather than a narrow meaning." *Forest Service Empls. for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1024 (9th Cir. 2008) (quotation omitted). For example, "[g]overment records containing information that applies to particular individuals satisfy the threshold test of Exemption 6." *Id.*

In this case, Exemption 6 was invoked to withhold portions of 7 pages (Bates numbers 000001, 000005, 000056, 000082, 000086, 000111, and 000124) with respect to personal information including names and email addresses of officials of the covered entity. Marquis Decl. ¶ 38. In this case, the disclosure of the withheld information would constitute a clearly unwarranted invasion of personal privacy and/or subject these

individuals to harassment. *Id.* Moreover, release of this information does not shed light on how HHS performs its mission. *Id.* Therefore, HHS properly withheld the requested information in accordance with Exemption 6.

4. <u>FOIA Exemption (b)(7)(C)</u>

FOIA Exemption (b)(7)(C) protects from disclosure "records or information compiled for law enforcement purposes" when production of the records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7).

As a threshold issue when analyzing Exemption 7, the Court must make a determination as to whether the document in question has a law enforcement purpose, which, in turn, requires examination of whether the agency serves a "law enforcement function." *Church of Scientology Int'l v. IRS*, 995 F.2d 916, 919 (9th Cir. 1993). Where the defendant government agency in a FOIA case has a clear law enforcement mandate, it "need only establish a 'rational nexus' between enforcement of a federal law and the document for which [a law enforcement] exemption is claimed" to meet this threshold requirement. *Rosenfeld v. Dep't of Justice*, 57 F.3d 803, 808 (9th Cir. 1995) (quotation omitted).

Once the threshold requirement is satisfied, similar to Exemption 6, the court must "balance the privacy interest protected by the exemption[] against the public interest in government openness that would be served by disclosure." *Lahr*, 569 F.3d at 973. While both Exemption 6 and Exemption 7(C) require this balancing, "Exemption 7(C)'s privacy language is broader than the comparable language in Exemption 6 in two respects." *Id.* at 974. While Exemption 6 requires that the invasion of privacy be "clearly" unwarranted, Exemption 7 does not contain that word. *Id.* In addition, Exemption 7(C) prevents disclosure of information that "could reasonably be expected to constitute an unwarranted invasion of privacy", whereas Exemption 6 speaks to information that "would constitute" such an unwarranted invasion. *Id.* "In other words, although both exemptions require the court to engage in a similar balancing analysis,

they differ in the magnitude of the public interest that is required to override the respective privacy interests protected by the exemptions." *Id.* (quotation omitted).

Like with Exemption 6, "personal privacy interests" under Exemption 7(C) encompass a broad range of concerns relating to an individual's control of information concerning his or her person, and an interest in keeping personal facts away from the public eye." *Id.* (citation and quotations omitted). Also, similar to Exemption 6, "[o]nce the government has identified a cognizable privacy interest, the only relevant public interest . . . is the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Id.* (quotation omitted). Moreover, the interest served by disclosure must be "a significant one, an interest more specific than having the information for its own sake," and the requester must show "that disclosure is likely to advance that interest." *Id.*

Here, Exemption 7(C) was invoked to withhold portions of 6 pages (Bates numbers 000001, 000005, 000056, 000082, 000086, and 000111) with respect to personal information including names and work email addresses of officials of HealthPointe who provided information to OCR. Marquis Decl. ¶ 40. The disclosure of the withheld information could reasonably be expected to constitute an unwarranted invasion of personal privacy and/or subject these individuals to harassment. *Id.* Furthermore, release of this information does not shed light on how HHS performs its mission. *Id.* Therefore, HHS properly withheld this information pursuant to Exemption 7(C).

5. <u>FOIA Exemption (b)(7)(E)</u>

Exemption 7(E) protects from disclosure records or information compiled for law enforcement purposes that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. 5 U.S.C. § 552(b)(7)(E).

In this case, Exemption 7(E) was invoked with respect to the procedures and techniques that OCR used during the investigation of Plaintiff's HIPAA complaints. Marquis Decl. ¶ 41. HHS determined to withhold 66 pages (Bates numbers 000112-14 and 000187-249) under Exemption 7(E). Failure to protect these techniques and procedures would allow those entities being investigated to circumvent the law by revealing the types of questions and information that OCR uses in an investigation. *Id.*

**C. HHS Released All Reasonably Segregable Information.**

Under FOIA, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt . . . ." 5 U.S.C. § 552(b). The agency need not disclose non-exempt portions of a document if "they are inextricably intertwined with exempt portions such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value." *Willamette Indus., Inc. v. United States*, 689 F.2d 865, 867-68 (9th Cir. 1982) (internal quotation marks and citations omitted). The agency must provide a "detailed justification" for its claim of non-segregability, but "is not required to provide so much detail that the exempt material would be effectively disclosed." *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002) (citation omitted). "The burden is on the agency to establish that all reasonably segregable portions of a document have been segregated and disclosed." *Pac. Fisheries Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (citing 5 U.S.C. § 552(a)(4)(B), (b)). "The agency can meet its burden by offering an affidavit with reasonably detailed descriptions of the withheld portions of the documents and alleging facts sufficient to establish an exemption." *Pac. Fisheries*, 539 F.3d at 1148 (internal citations omitted); *see Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 779 (9th Cir. 2015).

HHS has met the segregability requirement. Here, of the documents at issue, those withheld in their entirety as commercial information (Bates numbers 000250-70) and information compiled for law enforcement purposes (Bates numbers 000112-14 and

000187-249) have no segregable parts. *Vaughn* Index. Accordingly, there are no segregable parts of the text of these documents. *See Pacific Fisheries*, 539 F.3d at 1148; *ACLU v. U.S. Dep't of Justice*, 880 F.3d 473, 488-89 (9th Cir. 2018). Moreover, the Declaration of Michael S. Marquis describes the documents at issue, the information withheld, the exemptions claimed and why the exemptions apply. Marquis has explained that HHS reviewed the records responsive to both of Plaintiff's HIPAA complaints. Marquis Decl. ¶ 25-27. Based on that review, HHS redacted 21 pages in full under Exception 4 and 66 pages in full under Exemption 7(E). *See Vaughn* Index. HHS further determined that "[a]ll reasonably segregable non-exempt information was segregated and released." Marquis Decl. ¶ 42; *see Johnson*, 310 F.3d at 776 (holding that the segregability requirement was met when the *Vaughn* Index described each document withheld and applicable exemption and when an agency affidavit stated that a review of documents had been conducted and that no releasable information could be reasonably segregated). Therefore, HHS has complied with its obligation to segregate and release all reasonably segregable, non-exempt information related to Plaintiff's HIPAA Complaints. Marquis Decl. ¶ 42.

///

///

///

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully request that this Court grant summary judgment in favor of Defendant and against Plaintiff.

Dated: November 14, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ Matthew J. Barragan
MATTHEW J. BARRAGAN
Assistant United States Attorney

Attorneys for Defendant
U.S. Department of Health and Human Services