# ATTACHMENT B

## Justification for Subpoenaed Documents

**Item 1. Electronic copy of emails received by HealthPointe Medical Group, La Mirada, California from ESIS Inc. from November 19, 2015 to December 15, 2015 regarding authorization of medical treatment for HealthPointe Patient John W. Sigler, DOB 9/23/56. Emails to be provided in electronic format and include all attachments within said electronic format. Acceptable electronic format shall be Outlook pst file, or copies of emails, including attachments, can be emailed to evidence@SWS-LLC.com prior to subpoena deadline to satisfy subpoena requirements.**

1. The electronic records / documents requested in Item 1 are material to the issue of timely authorization of medical treatment for the Applicant John W. Sigler and are required as evidence in an upcoming WCAB hearing before Judge Nancy Gordon to determine whether the Defendants improperly delayed authorizing medical treatment.

2. On November 19, 2015 the Applicant John Sigler submitted a written request to ESIS for authorization of medical treatment by HealthPointe Medical Group. Currently there is a dispute as to the timeliness of ESIS Inc. providing authorization to HealthPointe Medical Group. HealthPointe Medical Group's position is that they received authorization in an email on or about December 10, 2015, and ESIS's position is that authorization was sent to HealthPointe on or about November 25, 2015.

3. HealthPointe Medical Group personnel informed the Applicant John Sigler that on or about December 10, 2015 HealthPointe received one or more emails from ESIS Inc., the subject of said email being authorization for medical treatment of HealthPointe patient John Sigler, and said email stated that authorization had been previously provided to HealthPointe on or about November 25, 2015 by both fax and USPS mail. A copy of said email was shown to the Applicant, John Sigler, on or about February 12, 2016 by HealthPointe employee Yvette Madrigal. Copies of said emails are now required as material evidence to be presented before the WCAB court in order to determine the timeliness of ESIS providing of "authorization to treat".

4. To the best of the Applicant's knowledge, said emails received on or about December 10, 2015 by HealthPointe Medical Group from ESIS stated that authorization had been provided to HealthPointe Medical Group on or about November 23, 2015 by both fax and USPS letter. Said email received by HealthPointe on or about December 10, 2015 is said to have contained an attachment contain a copy of said "authorization to treat" which ESIS claims was sent on or about November 25, 2015. The claim of

this previous delivery of authorization to HealthPointe is in dispute and any and all emails received by HealthPointe Medical Group from ESIS Inc. discussing the authorization of medical treatment for the Applicant John Sigler between the dates of November 19, 2015 and December 15, 2015 are material to the upcoming hearing.

5. Electronic version of all emails are requested in order to provide not only copies of the content of the emails and any attachments themselves, but also all electronic copies of the emails and their attachments will contain metadata which will provide information as to when each email and any attached documents were created.

**Item 2. Copies of all incoming fax logs produced by the fax communication software used by HealthPointe Medical Group at their La Mirada, California office location which shows any and all data for faxes received by HealthPointe at their La Mirada location for the time period of November 19, 2015 to December 15, 2015. Fax log information can be provided in printed format or in electronic format. Acceptable electronic formats include Microsoft Excel (xls or xlsx), tab-delimited text file, or CSV format. Electronic copies of the incoming fax log information can be emailed to evidence@SWS-LLC.com prior to subpoena deadline to satisfy subpoena requirements.**

1. The said documents requested in Item 3 are material to the issue of timely receipt of "authorization to treat" by HealthPointe Medical Group from ESIS Inc. and are critical in proving either the guilt or innocence of the Defendant.

2. On November 19, 2015 the Applicant John Sigler submitted a written request to ESIS for authorization of medical treatment by HealthPointe Medical Group. Currently there is a dispute as to the timeliness of ESIS Inc. providing "authorization to treat" to HealthPointe Medical Group. HealthPointe Medical Group's position is that the first that they received authorization was in an email on or about December 10, 2015. ESIS's position is that authorization was sent to HealthPointe on or about November 25, 2015 by both fax and USPS letter.

3. HealthPointe Medical Group utilizes a computer based software system to handle incoming and outgoing faxes. As part of its normal functions, said fax communication software creates and maintains a log of all incoming faxes. The information contained within said log in vital in determining the truthfulness of ESIS's claim that "authorization to treat" was sent in a timely manner on or about November 25, 2015.

**Item 3. Copies of all faxes and companion receipts received by HealthPointe Medical Group at their La Mirada, California office location from ESIS Inc. that in any fashion relate to HealthPointe patient John Sigler for the time period of November 19, 2015 to December 15, 2015. Faxes can be supplied in printed format or in electronic format. Acceptable electronic formats are pdf. Electronic copies of the faxes and their receipts can be emailed to evidence@SWS-LLC.com prior to subpoena deadline to satisfy subpoena requirements.**

1. The said documents requested in Item 3 are material to the issue of timely receipt of "authorization to treat" by HealthPointe Medical Group from ESIS Inc. and are critical in proving either the guilt or innocence of the Defendant.

2. On November 19, 2015 the Applicant John Sigler submitted a written request to ESIS for authorization of medical treatment by HealthPointe Medical Group. Currently there is a dispute as to the timeliness of ESIS Inc. providing "authorization to treat" to HealthPointe Medical Group. HealthPointe Medical Group's position is that the first that they received authorization was in an email on or about December 10, 2015. ESIS's position is that authorization was sent to HealthPointe on or about November 25, 2015 by both fax and USPS letter.

3. HealthPointe Medical Group utilizes a computer based software system to handle incoming and outgoing faxes. As part of its normal functions, said fax communication software stores electronic copies of all incoming faxes. A thorough search of all incoming faxes for the time period of November 19, 2015 through December 15, 2015, and a complete printout of all faxes received from ESIS Inc regarding the Applicant John Sigler will provide evidence necessary to prove the guilt or innocence of whether ESIS Inc. failed to provide "authorization to treat" in a timely manner.

**PATIENT'S COPY**

HEALTHPOINTE

## REQUEST FOR RELEASE OF MEDICAL RECORDS

**Date:** August 23, 2016

**Attention:** Divakar R. Kirshnareddy
Physician's Name (Please Print)

16702 Valley View Ave. La Mirada, CA 90638
Address City/State/Zip

Fax

562-921-0341
Phone

I hereby request that all my medical records to be released to:

~~Healthpointe~~ XXXXXXXXXXX – The Patient - John Sigler - Medical Records to include items listed on back.
Physician's Name (Please Print)

13129 Stern Ave. La Mirada, CA 90638
Address City/State/Zip

Fax

714-697-8576
Phone

**Patient Information:**

John Sigler
Patient's Name (Please Print)

13129 Stern Ave
Address

La Mirada, CA 90638
City/State/Zip

09-23-1956
Date of Birth

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
Social Security Number

Received by: Jesica .L
Dated: 8-24-16

x [signature]
**Patient's Signature**

**Office Use Only**

**Patient Acct#:** ______________

**Follow Up Appt. Date:** ______________

**Date Faxed / E-Mailed:** ______________

**By:** ______________

Updated 3/6/14

**PATIENT'S COPY**

August 23, 2016

Demand for Medical Records

From HealthPointe Medical Group

For Patient John W. Sigler

As per US Code 45 CFR Section 160.103 Definitions., Health Information is defined as: any information, whether oral or recorded in any form or medium, that: (1) Is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.

Based upon the above definition of Health Information, the patient John Sigler demands that HealthPointe Medical Group turn over to the patient the following records:

1. All doctor progress reports
2. Copies of all Requests for Authorization (RFA) submitted to patient's insurance company including all supporting documentation submitted with each RFA.
3. Copies of all external medical reports submitted to HealthPointe from physical therapy, acupuncture, or any other medical services that have been received by HealthPointe.
4. Copies of all correspondences with patient's insurance provider relating to the provision of health care to the patient including the following:
    a. All emails sent or received by HealthPointe regarding authorizing or denying of treatment,
    b. All faxes sent or received by HealthPointe regarding authorizing or denying of treatment,
    c. All letters sent or received by HealthPointe regarding authorizing or denying of treatment,
5. Copies of all Utilization Reviews and Independent Medical Reviews provided to HealthPointe.
6. Copies of all x-rays, MRI's, laboratory reports or any other diagnostic reports provided to HealthPointe.
7. Copies of all prior doctor reports submitted to HealthPointe.
8. Copies of all AME reports provided to HealthPointe.

**State of California**
**Department of Industrial Relations**
**Division Of Workers' Compensation**

# WORKER'S COMPENSATION APPEALS BOARD

Case No. ADJ2498007

(IF APPLICATION HAS BEEN FILED, CASE NUMBER MUST BE INDICATED REGARDLESS OF DATE OF INJURY)

| | |
|---|---|
| JOHN SIGLER<br>Claimant/Applicant<br>vs.<br>AEROJET ROCKETDYNE, INC.<br>Employer/Insurance Carrier/Defendant | |

## SUBPOENA DUCES TECUM

(When records are mailed, identify them by using above case number or attaching a copy of a subpoena)

Where no application has been filed for injuries on or after January 1, 1990 and before January 1, 1994, subpoena will be valid without case number, but subpoena must be served on claimant and employer and/or insurance carrier.

**NO PERSONAL APPEARANCE NECESSARY** - See instructions below*

*People of the State of California Send Greetings to:* Custodian of Records, HealthPointe Medical Group

We COMMAND YOU to appear before: The Claimant / Applicant in Pro Per

at 13129 Stern Ave. La Mirada, CA. 90638

On the 4 day of August 2016, at 05:00 o'clock P M. to testify in the above-entitled matter and to bring with you and produce the following described documents, papers, books, records:

**1) All emails, faxes, or US postal letters received by HealthPointe Med Group La Mirada relating to authorization of, or medical treatment for John Sigler from Nov. 18, 2015 to Dec. 18, 2015.**
**2) All internal logs, case management notes or any other documentation relating to authorization or attempts to obtain authorization to treat John Sigler from Nov. 18, 2015 to Dec. 18, 2015.**
**3) All incoming fax logs produced or maintained by HealthPointe or their fax communication software for all faxes received at, or directed to HealthPointe's La Mirada facility for the time period of November 18, 2015 to December 12, 2015. Fax logs will be accepted in hardcopy or in electronic format.**
**4) All logs or records of incoming US Postal communications received at HealthPointe's La Mirada facility for the time period of November 18, 2015 to December 18, 2015.**

(Do not produce X-rays unless specifically mentioned above.)

For failure to attend as required, you may be deemed guilty of contempt and liability to pay to the parties aggrieved all losses and damages sustained thereby and forfeit one hundred dollars in addition thereto.

This subpoena is issued at the request of the person making the declaration on the reverse hereof, or on the copy which is served herewith.

Date 7/17/16

WORKERS' COMPENSATION APPEALS BOARD
OF THE STATE OF CALIFORNIA

Secretary, Assistant Secretary, Workers' Compensation Judge

WORKERS' COMPENSATION APPEALS BOARD — EUREKA — SEAL

***FOR INJURIES OCCURRING ON OR AFTER JANUARY 1,1990 AND BEFORE JANUARY 1, 1994:**

If no Application for Adjudication of Claim has been filed, a declaration under penalty of perjury that the Employee's Claim for Worker's Compensation Benefits (Form DWC-1) has been filed pursuant to Labor Code Section 5401 must be executed properly.

**SEE REVERSE SIDE**
**[SUBPOENA INVALID WITHOUT DECLARATION]**

You may fully comply with this subpoena by mailing the records described (or authenticated copies, Evid. Code 1561) to the person and place stated above within ten (10) days of the date if service of this subpoena. This subpoena does not apply to any member of the Highway Patrol, Sheriffs Office or city Police Department unless accompanied by notice from this Board that deposit of the witness fee has been made in accordance with Government code 68097.2, et seq.

## DECLARATION FOR SUBPOENA DUCES TECUM

Case No. ADJ2498007

**STATE OF CALIFORNIA,** County of Los Angeles

The undersigned states:
That he/she is (one of) the attorney (s) of records/representative (s) for the applicant/defendant in the action captioned on the reverse hereof that Custodian of Records, HealthPointe Medical Group has in his/her possession or under his/her control the documents described on the reverse hereof. That the said documents are material to the issues involved in the case for the following reasons:

On November 19, 2015 a written request was submitted to patient John Sigler's Employer requesting authorization for treatment by HealthPointe provider, DR. Kirshnareddy. HealthPointe claims they did not receive authorization until on or about December 9, 2015. Mr. Sigler's Workers Compensation insurer, ESIS, claims that authorization was sent to HealthPointe on or about November 25, 2015 via fax and USPS, and the delay in treatment was due to negligence by HealthPointe employees. This subpoena seeks to discern the truth as to when authorization was provided to HealthPointe.

**Declaration for Injuries on or After January 1, 1990 and Before January 1,1994**

☐ That an Employee's Claim for Worker's Compensation Benefits (DWC Form 1) has been filed in accordance with Labor Code Section 5401 by the alleged injured worker whose records are sought, or if the worker is deceased, by the dependent (s) of the decedent, and that a true copy of the form filed is attached hereto. *(Check box if applicable and part of declaration below. See instructions on front of subpoena)*

I declare under penalty if perjury that the foregoing is true and correct.

Executed on July 17 ,2016 at La Mirada , California.

[signature] 13129 Stern Ave, La Mirada, CA 90638 714-697-8576
Signature Address Telephone

---

## DECLARATION OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles

I, the undersigned, state that I served the foregoing subpoena by showing the original and delivering a true copy thereof, together with a copy of the Declaration in support thereof, to each of the following named persons, personally, at the date and place set forth opposite each name.

| Name of Person Served | Date | Place |
|---|---|---|
| Isabel Portocarrero for Kevin A. Lawrence Agent for service of process for Healthpointe Medical Group | 7/25/2016 | 28720 Roadside Dr. #231 Agoura Hills, CA. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 25 , 2016 , at La Mirada , California.

[signature]
Signature

DIA WCAB 32 (Side 2) (Rev. 06/94)



EXHIBIT 10-164

* Your First Name: john * Your Last Name: Sigler

Phone:

| Phone Number | Usage |
|---|---|
| (714) 697-8576 | Home / Cell |

Street Address Line 1:* 13129 Stern Ave

Street Address Line 2:

* City: La Mirada

* State:California Country:USA * ZIP: 90638 Email Address (If available): john@SWS-LLC.com

**Are you filing this complaint for someone else?:** No

**Who (or what agency or organization, e.g., provider, health plan) do you believe violated your (or someone else's) health information privacy rights or committed another violation of the Privacy Rule?**

* Person or Agency/Organization?: Agency/Organization

Agency/Organization: HealthPointe Medical Group

* Street Address Line 1: 16702 Valley View Ave

Street Address Line 2:

* City: La Mirada

* State:California Country:USA ZIP: 90638

ZIP:

| Phone Number | Usage |
|---|---|
| (800) 956-2663 | Work |

*** When do you believe that the violation of health information privacy rights occurred?**

Date(s) Selected:

| Violation Date |
|---|
| 08/24/2016 |

**Describe briefly what happened. How and why do you believe your (or someone else's) health information privacy rights were violated, or the privacy rule otherwise was violated? Please be as specific as possible..** (Attach additional pages as needed)

US Code 45 CFR Section 164.524 (Health Insurance Portability and Accountability Act, HIPAA), clearly states that: "Except as otherwise provided in paragraph (a)(2) or (a)(3) of this section, an individual has a right of access to inspect and obtain a copy of protected health information about the individual in a designated record set, for as long as the protected health information is maintained in the designated record set."

In addition, under US Code 45 CFR Section 160.103 Definitions., health information is defined as: any information, whether oral or recorded in any form or medium, that: (1) Is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.

Based upon the above Federal Regulations, as the patient I am entitled to copies of any information relating to the provision of my health care, which includes any and all written correspondence sent to my health care provider by my insurance carrier which authorizes treatment.

In the Nov. 2015 timeframe there was a dispute as to the timeliness of "authorization to treat" sent to my medical care provider HealthPointe Medical Group from my workers compensation insurance carrier. In June 2016 I became aware of information that could settle the question as to whether the WC carrier violated California law in not providing timely authorization, or whether HealthPointe Medical Group was negligent in processing the authorization in a timely fashion. A key piece of evidence in this determination was correspondences received by HealthPointe from my WC carrier authorizing provision of treatment.

HealthPointe refused verbal requests for these correspondences so on July 25, 2016 a Subpoena Duces Tecum (attached as file HealthPointeSubpoena-served.pdf), authorized by the California Workers Compensation Appeals Board was served on HealthPointe Medical Group's Agent for Service of process. While the subpoena asks for several items, Item 1 which states "All emails, faxes, or US postal letters received by HealthPointe Med Group La Mirada relating to authorization of, or medical treatment for, John Sigler from Nov. 1, 2015 to Dec. 31, 2015" is clearly PROTECTED

HEALTH INFORMATION, which I am entitled to.

Copies of this subpoena were emailed to HealthPointe and ignored, and personal service was refused at the local clinic in La Mirada where I receive treatment and where the correspondences were received. The La Mirada employees stated the subpoena had to be served on their office in Temecula California, so on July 14 a 140 mile round trip was made to HealthPointe's Temecula office where employees refused to accept the subpoena. The entire conversation was recorded. Failing in both these attempts, the subpoena was served on HealthPointe Medical Group's Agent for service of process, Kevin Lawrence on July 25, 2016, who is required under California to accept any subpoena for HealthPointe Medical Group. Healthpointe has since refused to respond to the subpoena, including Item 1 which specifically asks for Protected Health Information covered by HIPAA. HealthPointe has also ignored all other efforts and requests to obtain copies of the stated correspondences. I am asking that HealthPointe be ordered to produce copies of all requested correspondences and that penalties and sanction be imposed upon HealthPointe for violating HIPAA regulations.

Since serving the subpoena, the quality of healthcare from HealthPointe has diminished, and I believe that in retaliation for my medical record demands under HIPAA, on 8/8/2016 HealthPointe provided notice that in 30 days they would stop providing me any medical treatment.

Filing a complaint with OCR is voluntary. However, without the information requested above, OCR may be unable to proceed with your complaint. We collect this information under authority of the Privacy Rule issued pursuant to the Health Insurance Port ability and Accountability Act of 1996. We will use the information you provide to determine if we have jurisdiction and, if so, how we will process your complaint. Information submitted on this form is treated confidentially and is protected under the provisions of the Privacy Act of 1974. Names or other identifying information about individuals are disclosed when it is necessary for investigation of possible health information privacy violations, for internal systems operations, or for routine uses, which include disclosure of information outside the Department for purposes associated with health information privacy compliance and as permitted by law. It is illegal for a covered entity to intimidate, threaten, coerce, discriminate or retaliate against you for filing this complaint or for taking any other action to enforce your rights under the Privacy Rule.

You are not required to use this format. You may write a letter or mail a complaint with the same information. To mail a complaint, please send to HHS Office for Civil Rights, Central Intake Unit, 200 Independence Avenue, S.W., Room 509 F, Washington, D.C. 20201.

*** Signature:** AGREE: I have read, understand, and agree to the above.

**Do you need special accommodations for us to communicate with you about this complaint?**

No entries





**EXHIBIT 10-167**

**If we cannot reach you directly, is there someone we can contact to help us reach you?**

No entries

**Have you filed your complaint anywhere else? If so, please provide the following .** (Attach additional pages as needed )

Filed Elsewheres:

| Person/Agency/Organization/Court Name | Date Filed | Case Number (If known) |
|---|---|---|
| No records found | | |

**To help us better serve the public, please provide the following information for the person you believe had their health information privacy rights violated (you or the person on whose behalf you are filing).**

Ethnicity: Not Hispanic or Latino

Race:

White

Primary Language Spoken (if other than English):

**How did you learn about the Office for Civil Rights?**

HHS Website/Internet Search
Lawyer/Legal Org

**COMPLAINANT CONSENT FORM**

The Department of Health and Human Services' (HHS) Office for Civil Rights (OCR) has the authority to collect and receive material and information about you, including personnel and medical records, which are relevant to its investigation of your complaint.

To investigate your complaint, OCR may need to reveal your identity or identifying information about you to persons at the entity or agency under investigation or to other persons, agencies, or entities.

The Privacy Act of 1974 protects certain federal records that contain personally identifiable information about you and, with your consent, allows OCR to use your name or other personal information, if necessary, to investigate your complaint.

Consent is voluntary, and it is not always needed in order to investigate your complaint; however, failure to give consent is likely to impede the investigation of your complaint and may result in the closure of your case.

Additionally, OCR may disclose information, including medical records and other personal information, which it has gathered during the course of its investigation in order to comply with a request under the Freedom of Information Act (FOIA) and may refer your complaint to another appropriate agency.

Under FOIA, OCR may be required to release information regarding the investigation of your complaint; however, we will make every effort, as permitted by law, to protect information that identifies individuals or that, if released, could constitute a clearly unwarranted invasion of personal privacy.

Please read and review the documents entitled, Notice to Complainants and Other Individuals Asked to Supply Information to the Office for Civil Rights and Protecting Personal Informations in Complaint Investigations for further information regarding how OCR may obtain, use, and disclose your information while investigating your complaint.

**In order to expedite the investigation of your complaint if it is accepted by OCR, please read, sign, and returnone copy of this consent form to OCR with your complaint. Please make one copy for your records.**

- As a complainant, I understand that in the course of the investigation of my complaint it may become necessary for OCR to reveal my identity or identifying information about me to persons at the entity or agency under investigation or to other persons, agencies, or entities.
- I am also aware of the obligations of OCR to honor requests under the Freedom of Information Act (FOIA). I understand that it may be necessary for OCR to disclose information, including personally identifying information, which it has gathered as part of its investigation of my complaint.
- In addition, I understand that as a complainant I am covered by theDepartment of Health and Human Services' (HHS) regulations which protect any individual from being intimidated, threatened, coerced, retaliated against,or discriminated against because he/she has made a complaint, testified, assisted, or participated in any manner in any mediation, investigation, hearing, proceeding, or other part of HHS' investigation, conciliation, or enforcement process.

*** Consent Selection:**

**CONSENT: I have read, understand, and agree to the above and give permission to OCR to reveal my identity or identifying information about me in my case file to persons at the entity or agency**

under investigation or to other relevant persons, agencies, or entities during any part of HHS' investigation, conciliation, or enforcement process.

**File Uploaded:**

| File Name | Size (Byte) | File Type |
|---|---|---|
| HealthPointeSubpoena-Served.pdf | 768923 | Complaint Description |
| HPMG-AgentforService.pdf | 39011 | Complaint Description |

**State of California**
**Department of Industrial Relations**
**Division Of Workers' Compensation**

# WORKER'S COMPENSATION APPEALS BOARD

Case No. ADJ2498007

(IF APPLICATION HAS BEEN FILED, CASE NUMBER MUST BE INDICATED REGARDLESS OF DATE OF INJURY)

JOHN SIGLER

Claimant/Applicant

vs.

AEROJET ROCKETDYNE, INC.

Employer/Insurance Carrier/Defendant

## SUBPOENA DUCES TECUM

(When records are mailed, identify them by using above case number or attaching a copy of a subpoena)

Where no application has been filed for injuries on or after January 1, 1990 and before January 1, 1994, subpoena will be valid without case number, but subpoena must be served on claimant and employer and/or insurance carrier.

**NO PERSONAL APPEARANCE NECESSARY** - See instructions below*

*People of the State of California Send Greetings to:* Custodian of Records, HealthPointe Medical Group

We COMMAND YOU to appear before: The Claimant / Applicant in Pro Per

at 13129 Stern Ave. La Mirada, CA. 90638

On the 4 day of August 2016, at 05:00 o'clock P M. to testify in the above-entitled matter and to bring with you and produce the following described documents, papers, books, records:

**1) All emails, faxes, or US postal letters received by HealthPointe Med Group La Mirada relating to authorization of, or medical treatment for John Sigler from Nov. 18, 2015 to Dec. 18, 2015.**
**2) All internal logs, case management notes or any other documentation relating to authorization or attempts to obtain authorization to treat John Sigler from Nov. 18, 2015 to Dec. 18, 2015.**
**3) All incoming fax logs produced or maintained by HealthPointe or their fax communication software for all faxes received at, or directed to HealthPointe's La Mirada facility for the time period of November 18, 2015 to December 12, 2015. Fax logs will be accepted in hardcopy or in electronic format.**
**4) All logs or records of incoming US Postal communications received at HealthPointe's La Mirada facility for the time period of November 18, 2015 to December 18, 2015.**

(Do not produce X-rays unless specifically mentioned above.)

For failure to attend as required, you may be deemed guilty of contempt and liability to pay to the parties aggrieved all losses and damages sustained thereby and forfeit one hundred dollars in addition thereto.

This subpoena is issued at the request of the person making the declaration on the reverse hereof, or on the copy which is served herewith.

Date 7/17/16

WORKERS' COMPENSATION APPEALS BOARD
OF THE STATE OF CALIFORNIA

Secretary, Assistant Secretary, Workers' Compensation Judge

***FOR INJURIES OCCURRING ON OR AFTER JANUARY 1,1990 AND BEFORE JANUARY 1, 1994:**

If no Application for Adjudication of Claim has been filed, a declaration under penalty of perjury that the Employee's Claim for Worker's Compensation Benefits (Form DWC-1) has been filed pursuant to Labor Code Section 5401 must be executed properly.

**SEE REVERSE SIDE**
**[SUBPOENA INVALID WITHOUT DECLARATION]**

You may fully comply with this subpoena by mailing the records described (or authenticated copies, Evid. Code 1561) to the person and place stated above within ten (10) days of the date if service of this subpoena. This subpoena does not apply to any member of the Highway Patrol, Sheriffs Office or city Police Department unless accompanied by notice from this Board that deposit of the witness fee has been made in accordance with Government code 68097.2, et seq.

## DECLARATION FOR SUBPOENA DUCES TECUM

Case No. ADJ2498007

**STATE OF CALIFORNIA,** County of Los Angeles

The undersigned states:
That he/she is (one of) the attorney (s) of records/representative (s) for the applicant/defendant in the action captioned on the reverse hereof that Custodian of Records, HealthPointe Medical Group has in his/her possession or under his/her control the documents described on the reverse hereof. That the said documents are material to the issues involved in the case for the following reasons:

**On November 19, 2015 a written request was submitted to patient John Sigler's Employer requesting authorization for treatment by HealthPointe provider, DR. Kirshnareddy. HealthPointe claims they did not receive authorization until on or about December 9, 2015. Mr. Sigler's Workers Compensation insurer, ESIS, claims that authorization was sent to HealthPointe on or about November 25, 2015 via fax and USPS, and the delay in treatment was due to negligence by HealthPointe employees. This subpoena seeks to discern the truth as to when authorization was provided to HealthPointe.**

**Declaration for Injuries on or After January 1, 1990 and Before January 1,1994**

☐ That an Employee's Claim for Worker's Compensation Benefits (DWC Form 1) has been filed in accordance with Labor Code Section 5401 by the alleged injured worker whose records are sought, or if the worker is deceased, by the dependent (s) of the decedent, and that a true copy of the form filed is attached hereto. *(Check box if applicable and part of declaration below. See instructions on front of subpoena)*

I declare under penalty if perjury that the foregoing is true and correct.

Executed on July 17 ,2016 at La Mirada , California.

[signature] Signature — 13129 Stern Ave, La Mirada, CA 90638 Address — 714-697-8576 Telephone

---

## DECLARATION OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles

I, the undersigned, state that I served the foregoing subpoena by showing the original and delivering a true copy thereof, together with a copy of the Declaration in support thereof, to each of the following named persons, personally, at the date and place set forth opposite each name.

| Name of Person Served | Date | Place |
|---|---|---|
| Isabel Portocarrero for Kevin A. Lawrence Agent for service of process for Healthpointe Medical Group | 7/25/2016 | 28720 Roadside Dr. #231 Agoura Hills, CA. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 25 , 2016 , at La Mirada , California.

[signature] Signature

DIA WCAB 32 (Side 2) (Rev. 06/94)

Secretary of State banner





# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, August 23, 2016. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| **Entity Name:** | HEALTHPOINTE MEDICAL GROUP, INC. |
| **Entity Number:** | C1386943 |
| **Date Filed:** | 09/24/1986 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Address:** | PO BOX 4499 |
| **Entity City, State, Zip:** | CERRITOS CA 90703-4499 |
| **Agent for Service of Process:** | KEVIN A LAWRENCE |
| **Agent Address:** | 28720 ROADSIDE DR #231 |
| **Agent City, State, Zip:** | AGOURA HILLS CA 91301 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search** **New Search** **Printer Friendly** **Back to Search Results**

HHS Sigler Production 18-cv-00683--000170



**EXHIBIT 10-173**

# UNITED STATES
## HOUSE OF REPRESENTATIVES

LINDA T. SÁNCHEZ
Thirty-eighth District-California

## CONGRESSIONAL CASEWORK AUTHORIZATION FORM

Congresswoman Linda Sánchez, 38th Congressional District, has my permission to gain access to my files to enable her and/or members of her staff to assist me with my issue, in accordance with the Privacy Act of 1974. I understand that Congresswoman Sanchez's work is provided free as a public service, and that no one may charge a fee to gain access to her office.

[signature] January 20, 2017
SIGNATURE DATE

NAME: John Sigler

ADDRESS: 13129 Stern Ave
La Mirada, CA. 90638

E-MAIL: john@SWS-LLC.com

DAY TIME NUMBER : 714-697-8576

SOCIAL SECURITY #: 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 DATE OF BIRTH: 9/23/1956

FEDERAL AGENCY INVOLVED: Department of Health & Human Services, Office for Civil Rights

DO YOU WANT YOUR CASE DISCUSSED WITH ANYONE ELSE? IF SO, WHO? ______

PLEASE PROVIDE A BRIEF DESCRIPTION OF YOUR ISSUE. USE THE BACK, IF NECESSARY. PLEASE ATTACH A COPY OF YOUR PHOTO I.D. ALONG WITH COPIES OF ANY RELEVANT DOCUMENTS.

See attached letter.

Case file#:

**DEPARTMENT OF HEALTH & HUMAN SERVICES** **OFFICE OF THE SECRETARY**

Voice - (800) 368-1019
TDD - (800) 537-7697
FAX - (415) 437-8329
http://www.hhs.gov/ocr/

**Office for Civil Rights, Pacific Region**
**90 7th Street, Suite 4-100**
**San Francisco, CA 94103**

November 6, 2017

Mr. John Sigler
13129 Stern Avenue
La Mirada, CA 90638

Mr. Joe O'Neill, Privacy Official
HealthPointe Medical Group
16702 Valley View Avenue
La Mirada, CA 90638

Re: John Sigler vs. HealthPointe Medical Group
OCR Transaction Number: 17-258405

Dear Mr. Sigler and Mr. O'Neill:

The U.S. Department of Health and Human Services (HHS), Office for Civil Rights (OCR), received a complaint on January 5, 2017, from Mr. John Sigler (Complainant). The Complainant alleged that HealthPointe Medical Group (HMG) was not in compliance with the Federal Standards for Privacy of Individually Identifiable Health Information and/or the Security Standards for the Protection of Electronic Protected Health Information (45 C.F.R. Parts 160 and 164, Subparts A, C, and E, the Privacy and Security Rules).

Specifically, the Complainant alleged that HMG refused to provide complete copies of Complainant's protected health information, and that HMG retaliated against Complainant for filing a complaint with OCR by terminating him as a patient on or about August 8, 2016. These allegations reflected potential violations of 45 C.F.R. § 164.524 (individual access to protected health information) and 164.530(g) (refraining from intimidating or retaliatory acts). OCR notified HMG of this complaint by letter dated March 14, 2017.

OCR enforces the Privacy and Security Rules and also enforces Federal civil rights laws that prohibit discrimination in the delivery of health and human services because of race, color, national origin, disability, age, and, under certain circumstances, sex and religion.

The Privacy Rule states that an individual has the right to access his/her protected health information (PHI), maintained by a covered entity in a designated record set, for as long as the PHI is maintained in the designated record set (e.g., medical or billing records). *See* 45 C.F.R. § 164.524(a)(1). The individual's right of access to his/her PHI maintained by the covered entity includes all PHI maintained by the covered entity, regardless of whether the covered entity created the PHI or not. *See* 65 Fed. Reg. 82462, 82731-82732 (Dec. 28, 2000). The Privacy Rule prohibits a covered entity from retaliating against anyone for submitting a privacy complaint, assisting or testifying in an investigation, or opposing any act or practice prohibited by the Privacy Rule as long as the manner of opposition is reasonable and the person had a good faith belief that the practice opposed is unlawful. 45 C.F.R. § 164.530(g).

## DISCUSSION AND ANALYSIS

In response to OCR's contact, HMG stated that it provided Complainant with a complete copy of his records within its designated record set, totaling 185 pages of documents, on August 24, 2016, and

provided documentation of mailing the records to the Complainant by certified mail. The Complainant confirmed that he had received some of his records from HMG, but alleged that missing from the records he received were Requests for Authorization (RFA) of treatment and related correspondence (letters, emails and faxes) between HMG and his insurance provider regarding authorization or denial of treatment for him. HMG, however, told OCR it provided the Complainant with all of his RFAs, although they were not packaged together with their supporting documentation (doctor's progress notes), but that all RFAs were provided. HMG also told OCR that it provided the Complainant with copies of all correspondence, including letters and faxes, it sent or received regarding insurance authorization or denial of his treatment. HMG said it did not provide the Complainant with any email messages, as there were none in his designated record set because none existed related to insurance authorization or denial of treatment or any other medical decision-making regarding the Complainant.

As part of this investigation, OCR requested and reviewed HMG's policies and procedures regarding access to records, designated record set, retaliation, and patient termination. OCR provided technical assistance to HMG regarding its designated record set policy and HMG agreed to revise its policy to include images, such as X-rays. OCR also confirmed with HMG that no documents were excluded from the records sent to Complainant under this policy prior to its revision, as HMG reported that it has no images or X-ray records for the Complainant created by HMG or any other health care provider.

HMG stated that it terminated the doctor-patient relationship with Complainant by letter dated August 8, 2016, prior to learning of any HIPAA complaints made by Complainant. Complainant stated that he filed an initial complaint with OCR in July 2016; however, OCR has no record of receiving this complaint. HMG stated it was unaware of any complaint made to OCR on or before August 8, 2016. HMG further stated it terminated the doctor-patient relationship because Complainant became increasingly threatening in his communications with HMG staff. It appears HMG followed its provided policy on terminating patient care when terminating Complainant's care.

## CONCLUSION

After carefully considering all of the information gathered in this investigation, OCR is not able to substantiate Complainant's allegation that HMG has not provided him with a complete copy of his PHI maintained by HMG. Further, OCR is not able to substantiate Complainant's allegation that HMG retaliated against him by terminating him as a patient, because HMG was unaware of any of Complainant's HIPAA complaints before it made its decision. Therefore, OCR is closing this case. OCR's determination as stated in this letter applies only to the allegations in this complaint that were reviewed by OCR.

Under the Freedom of Information Act, we may be required to release this letter and other information about this case upon request by the public. In the event OCR receives such a request, we will make every effort, as permitted by law, to protect information that identifies individuals or that, if released, could constitute a clearly unwarranted invasion of personal privacy.

If you have any questions regarding this matter, please contact Lesley Morgan, the investigator assigned to this complaint, at 206-615-2283 (Voice) or by email at Lesley.Morgan@hhs.gov. When calling this office, please reference the transaction number we have given this file, which is located at the top left corner of this page.

Sincerely,

Michael Leoz
Regional Manager



**EXHIBIT 10-176**

**State of California**
**Department of Industrial Relations**
**Division Of Workers' Compensation**

# WORKER'S COMPENSATION APPEALS BOARD

Case No. ADJ2498007

JOHN SIGLER

Claimant/Applicant

vs.

AEROJET ROCKETDYNE, INC.
INSURANCE COMPANY OF NO. AMERICA

Employer/Insurance Carrier/Defendant

(IF APPLICATION HAS BEEN FILED, CASE NUMBER MUST BE INDICATED REGARDLESS OF DATE OF INJURY)

## SUBPOENA DUCES TECUM

(When records are mailed, identify them by using above case number or attaching a copy of a subpoena)

Where no application has been filed for injuries on or after January 1, 1990 and before January 1, 1994, subpoena will be valid without case number, but subpoena must be served on claimant and employer and/or insurance carrier.

**NO PERSONAL APPEARANCE NECESSARY** - See instructions below*

*People of the State of California Send Greetings to:* Custodian of Records, HealthPointe Medical Group, Inc.

We COMMAND YOU to appear before: The Claimant / Applicant in Pro Per, John Sigler

at 13129 Stern Ave. La Mirada, CA. 90638

On the 11 day of November 2016, at 05:00 o'clock P M. to testify in the above-entitled matter and to bring with you and produce the following described documents, papers, books, records:

**SEE ATTACHMENT A.**

(Do not produce X-rays unless specifically mentioned above.)

For failure to attend as required, you may be deemed guilty of contempt and liability to pay to the parties aggrieved all losses and damages sustained thereby and forfeit one hundred dollars in addition thereto.

This subpoena is issued at the request of the person making the declaration on the reverse hereof, or on the copy which is served herewith.

Date 10/26/16

WORKERS' COMPENSATION APPEALS BOARD
OF THE STATE OF CALIFORNIA

Secretary, Assistant Secretary, Workers' Compensation Judge

WORKERS' COMPENSATION APPEALS BOARD
EUREKA
SEAL

***FOR INJURIES OCCURRING ON OR AFTER JANUARY 1,1990 AND BEFORE JANUARY 1, 1994:**

If no Application for Adjudication of Claim has been filed, a declaration under penalty of perjury that the Employee's Claim for Worker's Compensation Benefits (Form DWC-1) has been filed pursuant to Labor Code Section 5401 must be executed properly.

**SEE REVERSE SIDE**
**[SUBPOENA INVALID WITHOUT DECLARATION]**

You may fully comply with this subpoena by mailing the records described (or authenticated copies, Evid. Code 1561) to the person and place stated above within ten (10) days of the date if service of this subpoena. This subpoena does not apply to any member of the Highway Patrol, Sheriffs Office or city Police Department unless accompanied by notice from this Board that deposit of the witness fee has been made in accordance with Government code 68097.2, et seq.

# DECLARATION FOR SUBPOENA DUCES TECUM

Case No. ADJ2498007

**STATE OF CALIFORNIA,** County of Orange

The undersigned states:
That he/she is (one of) the attorney (s) of records/representative (s) for the applicant/defendant in the action captioned on the reverse hereof that Custodian of Records, HealthPointe Medical Group, Inc.
has in his/her possession or under his/her control the documents described on the reverse hereof. That the said documents are material to the issues involved in the case for the following reasons:

**SEE ATTACHMENT B**

**Declaration for Injuries on or After January 1, 1990 and Before January 1,1994**

☐ That an Employee's Claim for Worker's Compensation Benefits (DWC Form 1) has been filed in accordance with Labor Code Section 5401 by the alleged injured worker whose records are sought, or if the worker is deceased, by the dependent (s) of the decedent, and that a true copy of the form filed is attached hereto. *(Check box if applicable and part of declaration below. See instructions on front of subpoena)*

I declare under penalty if perjury that the foregoing is true and correct.

Executed on October 26 ,2016 at La Mirada , California.

[signature] 13129 Stern Ave, La Mirada, CA 90638 714-697-8576

Signature Address Telephone

---

# DECLARATION OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles

I, the undersigned, state that I served the foregoing subpoena by showing the original and delivering a true copy thereof, together with a copy of the Declaration in support thereof, to each of the following named persons, personally, at the date and place set forth opposite each name.

| Name of Person Served | Date | Place |
|---|---|---|
| Ysabel Portocarrero<br>for Kevin A. Lawrence<br>Agent for service of process for<br>HealthPointe Medical Group | October 27, 2016 | 28720 Roadside Dr. #231<br>Agoura Hills, CA |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 27 , 2016 , at La Mirada , California.

[signature]
Signature

**PATIENT'S COPY**

HEALTHPOINTE

## REQUEST FOR RELEASE OF MEDICAL RECORDS

**Date:** August 23, 2016

**Attention:** Divakar R. Kirshnareddy
Physician's Name (Please Print)

16702 Valley View Ave. La Mirada, CA 90638
Address City/State/Zip

Fax
562-921-0341
Phone

---

I hereby request that all my medical records to be released to:

~~Healthpointe~~ – The Patient - John Sigler - Medical Records to include items listed on back.
Physician's Name (Please Print)

13129 Stern Ave. La Mirada, CA 90638
Address City/State/Zip

Fax
714-697-8576
Phone

---

**Patient Information:**

John Sigler
Patient's Name (Please Print)

13129 Stern Ave
Address

La Mirada, CA 90638
City/State/Zip

09-23-1956
Date of Birth

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
Social Security Number

Received by: Jesica .L
Dated: 8-24-16

X [signature]
**Patient's Signature**

**Office Use Only**

**Patient Acct#:** ____________ **Follow Up Appt. Date:** ____________

**Date Faxed / E-Mailed:** ____________ **By:** ____________

Updated 3/6/14

**PATIENT'S COPY**

August 23, 2016

Demand for Medical Records

From HealthPointe Medical Group

For Patient John W. Sigler

As per US Code 45 CFR Section 160.103 Definitions., Health Information is defined as: any information, whether oral or recorded in any form or medium, that: (1) Is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.

Based upon the above definition of Health Information, the patient John Sigler demands that HealthPointe Medical Group turn over to the patient the following records:

1. All doctor progress reports
2. Copies of all Requests for Authorization (RFA) submitted to patient's insurance company including all supporting documentation submitted with each RFA.
3. Copies of all external medical reports submitted to HealthPointe from physical therapy, acupuncture, or any other medical services that have been received by HealthPointe.
4. Copies of all correspondences with patient's insurance provider relating to the provision of health care to the patient including the following:
   a. All emails sent or received by HealthPointe regarding authorizing or denying of treatment,
   b. All faxes sent or received by HealthPointe regarding authorizing or denying of treatment,
   c. All letters sent or received by HealthPointe regarding authorizing or denying of treatment,
5. Copies of all Utilization Reviews and Independent Medical Reviews provided to HealthPointe.
6. Copies of all x-rays, MRI's, laboratory reports or any other diagnostic reports provided to HealthPointe.
7. Copies of all prior doctor reports submitted to HealthPointe.
8. Copies of all AME reports provided to HealthPointe.

OCR Complaint dated January 5, 2017

OCR needs to understand that this is the third HIPAA complaint I have filed against HealthPointe Medical Group for refusing to release my medical records and so far nothing has happened. I am hoping that in the third time, someone at OCR is finally going to take action, but in case OCR continues to fail to enforce the law, I am sending a copy of this complaint to my Congresswoman Linda Sanchez and asking her office to intercede on my behalf. Hopefully by the time Congresswoman Sanchez's office intercedes, OCR will be able to tell the Congresswoman that the laws of the United States have been enforced.

I have been requesting copies of my private health information from Healthpointe since July 2016 and although I have complied with all of Healthpointe's requests for me to sign their medical records release forms, HealthPointe continues to refuse to provide me copies of my medical records. In Attachment A I am including a copy of HealthPointe's Medical Release form which they required me to sign. Not only did I sign their form, but I listed on the back a complete description of the medical records I wanted disclosed. I also insisted that their personnel sign for receiving the form (signed by Jesica L on 8-24-16) to show that they had a complete list of all the medical records I was requesting. While HealthPointe did send some records, HealthPointe has refused to send Item 2 and Item 4a, 4b, and 4c. This request is in addition to the requests that I made during July 2016 for my medical records which HealthPointe refused to comply with.

HealthPointe is refusing to provide Item 2 because it appears that for the last two years HealthPointe has been submitting sub-standard Requests for Authorization to my insurance company. Said sub-standard RFA's have resulted in the insurance company denying my claims for critical medical treatments. HealthPointe is aware that in July 2016 I obtained evidence of at least one sub-standard RFA that they had submitted; therefore, HealthPointe is refusing me access to my medical records in order to cover up the evidence of their fraud. I also asked for Items 4a, 4b, and 4c because in November 2015 I was denied timely medical treatments and there is a dispute as to whether the insurance company failed to provide authorization in a

timely manner or whether HealthPointe was negligent and lost the authorizations. In my second OCR complaint dated August 25, 2016 I stated that I had even had a subpoena served on HealthPointe demanding some of my medical records. I have even gone as far as having HealthPointe served with a second subpoena on October 27, 2016 (Attachment B) from the California Worker's Compensation Appeals Board, ordering HealthPointe to turn over the correspondence item listed in item 4a, 4b, and 4c; and again HealthPointe has refused to comply with the subpoena.

<u>OCR needs to understand that HealthPointe Medical Group and their treating doctor, Dr. Kirshnareddy are committing criminal acts and they are going to get away with it, if OCR does not take action and enforce the law.</u>

This is the third HIPAA complaint I have filed against HealthPointe and HealthPointe continues to refuse to provide me copies of my missing medical records and so far OCR has failed to force compliance. I did receive a reply from OCR in response to my second complaint submitted on August 25, 2016. In a letter dated December 15, 2016, (OCR Transaction Number 16-247377), OCR stated that they are handling this matter "through the provision of technical assistance" to HealthPointe. While OCR is "providing technical assistance" to HealthPointe, HealthPointe employees are probably destroying my medical records so they no longer exist in HealthPointe's record set and there is no evidence of their refusal to comply; as well as destroying all evidence of multiple occurrences of fraud that Healthpointe has committed. In July 2016 I obtained information that for the previous two years HealthPointe Medical Group and my treating doctor, Dr. Kirshnareddy, had been filing substandard "Requests for Authorization" to my insurance carrier, resulting in many treatments being denied by the insurance company. To obtain the truth about the submitted RFA's I demanded copies of all the submitted RFA's as listed in Item 2 of Attachment A. It should be noted that copies of all correspondences to my medical healthcare insurance company are part of my PHI. HealthPointe has refused to provide this information and as I previously stated, their employees are probably destroying these documents in an effort to eliminate all evidence of their fraud, and OCR's approach of only "providing technical assistance" is serving to assist

HealthPointe in failing to comply with HIPAA regulations and in willful acts of obstruction of justice.

If OCR believes there is any chance of redemption for HealthPointe and Dr. Kirshnareddy, consider the following.

After HealthPointe and Dr. Kirshnareddy were informed about my first HIPAA complaint in late July 2016; on August 8, 2016 Dr. Kirshnareddy dropped me as a patient in what would apparently be an act of retaliation for me trying to exercise my rights under HIPAA. In addition to dropping me as a patient, on August 15, 2016, in a phone conversation with my insurance company's doctor, Dr. Kirshnareddy made false statements to the insurance company's doctor which resulted in the insurance company denying my claim for pain medications. In his review report, the insurance company doctor stated that "Dr. Krishnareddy was contacted 8/15/16 at 11:37 AM Central. In the discussion Dr. Kirshnareddy indicated the patient is being referred to pain management and they will deal with the Celebrex within the context of weaning from the medication." **Dr. Kirshnareddy has never made any mention of pain management or any effort of weaning to me, the patient.** There has never been any discussion by Dr. Kirshnareddy of referring me to pain management and I can provide OCR with copies of the office visit notes written by Dr. Kirshnareddy dating back for three months, as well as for my final office visit on August 24, 2016. Nowhere within any of Dr. Kirshnareddy's notes is there any reference to pain management or weaning. The statements made by Dr. Kirshnareddy to the insurance company's doctor were a malicious act of retaliation and a violation of HIPAA regulations. I even wrote to Dr. Kirshnareddy and highlighted the discrepancy in his statements to the insurance company verses his office visit notes. I even gave him the chance to contact the insurance company and correct the matter in case the insurance company's doctor had misunderstood. Dr. Kirshnareddy refused to make any effort to correct the discrepancy. One can only conclude that there was no mistake or misunderstanding. Dr. Kirshnareddy intentionally made those false statements in order to cause harm to his patient because his patient had filed a HIPAA complaint.

Unless the OCR takes action other than "providing technical assistance", HealthPointe Medical Group and Dr. Kirshnareddy will simply delete my medical records from their designated record set and in so doing cover up the fraud they have been committing for years of submitting substandard Requests for Authorization to the insurance company. Without the OCR taking action and enforcing the rules, HealthPointe and Dr. Kirshnareddy are going to get away with ignoring the HIPAA regulations and get away with multiple acts of fraud.

To: Office for Civil Rights, Pacific Region
90 7 th street, suite 4-100
San Francisco, CA 94103

February 8, 2017

From: John Sigler
13129 Stern Ave
La Mirada, CA 90638

RECEIVED FEB 14 2017

Reference OCR Transaction Number 17-258405

Dear Mr. Leoz,

Attached you will find copies of the information you requested in your letter dated February 2, 2017 (see Attachment A). In response to HealthPointe Medical Group's refusal to turn over to me copies of emails, faxes, and US postal mail exchanged between HealthPointe Medical Group and my insurance carrier, I served a subpoena on HealthPointe Medical group on July 25, 2016 and followed that up with this letter to HHS on July 29, 2016 (see Attachment B). It is this July 29, 2016 letter that I referred to in my complaint dated January 5, 2017. As far as I know, I never did get any response from HHS to this letter. The only response I have received from HHS and OCR was your letter dated December 15, 2016 which appeared to be a four month late response to the on-line complaint I submitted on August 25, 2016.

Let me know if you need any additional information.

Regards,



John Sigler

Attachment A

DEPARTMENT OF HEALTH & HUMAN SERVICES
Voice - (415) 437-8310, (800) 368-1019
TDD - (415) 437-8311, (800) 537-7697
(FAX) - (415) 437-8329
http://www.hhs.gov/ocr/

OFFICE OF THE SECRETARY
Office for Civil Rights, Pacific Region
90 7th Street, Suite 4-100
San Francisco, California 94103

February 2, 2017

Mr. John Sigler
13129 Stern Ave
La Mirada, CA 90638

Re: OCR Transaction Number: 17-258405

Dear Mr. Sigler:

Thank you for your complaint received on January 5, 2017, by the U.S. Department of Health and Human Services (HHS), Office for Civil Rights (OCR), alleging that HealthPointe Medical Group is not in compliance with the Federal Standards for Privacy of Individually Identifiable Health Information and/or the Security Standards for the Protection of Electronic Protected Health Information (45 C.F.R. Parts 160 and 164, Subparts A, C, and E, the Privacy and Security Rules).

OCR enforces the Privacy and Security Rules, and also enforces Federal civil rights laws that prohibit discrimination in the delivery of health and human services because of race, color, national origin, disability, age, and, under certain circumstances, sex and religion.

In order for OCR to continue to process your complaint, please provide documentation of the complaint from late July 2016 to which you referred in your allegations.

Please submit your response by February 22, 2017, to the address in the above letterhead and remember to include the OCR reference number in your response. **If you do not provide the requested information, OCR will not be able to investigate your case, your files will be closed, and this letter will serve as our final correspondence to you.**

If your complaint is closed, you may file another complaint with our office when you are ready to provide more information. However, under the law, we only can investigate complaints that are filed within 180 days of the alleged act of discrimination or when you knew or should have known of the alleged violation of the Privacy Rule. In some limited circumstances, OCR can give you more time, but only if you have a very good reason for having filed a late complaint.

Sincerely,

Michael Leoz

Michael Leoz
Regional Manager

Attachment B

To: HHS Office for Civil Rights
Central Intake Unit
200 Independence Avenue, S.W., Room 509 F
Washington, D.C. 20201

July 29, 2016

From: John Sigler
13129 Stern Ave
La Mirada, CA 90638
PH. No. 714-697-8576

Dear Sir/Madame,

I would like to file a HIPAA complaint against my current medical provider HealthPointe Medical Group. I have been attempting to get HealthPointe to disclose to me copies of emails, faxes, or US postal letters received by HealthPointe from my Workers Compensation Insurance carrier with no success. HealthPointe employee Yvette Madrigal has copies of at least some of the listed email and she continues to refuse to send me a copy. I have even gone so far as to serve HealthPointe with a subpoena for this information last week and I have attached a copy of said subpoena.

I ask that HHS take whatever action is necessary to force HealthPointe to turn over the requested information to me as soon as possible.

Feel free to call me at 714-697-8576 if you have any questions.

Regards

John Sigler

cc. HealthPointe Medical Group –Corporate office

Attachment B

State of California
Department of Industrial Relations
Division Of Workers' Compensation

# WORKER'S COMPENSATION APPEALS BOARD

Case No. ADJ2498007

(IF APPLICATION HAS BEEN FILED, CASE NUMBER MUST BE INDICATED REGARDLESS OF DATE OF INJURY)

JOHN SIGLER

Claimant/Applicant

vs.

AEROJET ROCKETDYNE, INC.

Employer/Insurance Carrier/Defendant

## SUBPOENA DUCES TECUM

(When records are mailed, identify them by using above case number or attaching a copy of a subpoena)

Where no application has been filed for injuries on or after January 1, 1990 and before January 1, 1994, subpoena will be valid without case number, but subpoena must be served on claimant and employer and/or insurance carrier.

**NO PERSONAL APPEARANCE NECESSARY** - See instructions below*

*People of the State of California Send Greetings to:* Custodian of Records, HealthPointe Medical Group
We COMMAND YOU to appear before: The Claimant / Applicant in Pro Per

at 13129 Stern Ave. La Mirada, CA. 90638

On the 4 day of August 2016, at 05:00 o'clock P M. to testify in the above-entitled matter and to bring with you and produce the following described documents, papers, books, records:

1) All emails, faxes, or US postal letters received by HealthPointe Med Group La Mirada relating to authorization of, or medical treatment for John Sigler from Nov. 18, 2015 to Dec. 18, 2015.
2) All internal logs, case management notes or any other documentation relating to authorization or attempts to obtain authorization to treat John Sigler from Nov. 18, 2015 to Dec. 18, 2015.
3) All incoming fax logs produced or maintained by HealthPointe or their fax communication software for all faxes received at, or directed to HealthPointe's La Mirada facility for the time period of November 18, 2015 to December 12, 2015. Fax logs will be accepted in hardcopy or in electronic format.
4) All logs or records of incoming US Postal communications received at HealthPointe's La Mirada facility for the time period of November 18, 2015 to December 18, 2015.

(Do not produce X-rays unless specifically mentioned above.)

For failure to attend as required, you may be deemed guilty of contempt and liability to pay to the parties aggrieved all losses and damages sustaiued thereby and forfeit one hundred dollars in addition thereto.

This subpoena is issued at the request of the person making the declaration on the reverse hereof, or on the copy which is served herewith.

Date 7/17/16

WORKERS' COMPENSATION APPEALS BOARD
OF THE STATE OF CALIFORNIA

[signature]
Secretary, Assistant Secretary, Workers' Compensation Judge

WORKERS' COMPENSATION APPEALS BOARD
EUREKA
SEAL

***FOR INJURIES OCCURRING ON OR AFTER JANUARY 1,1990 AND BEFORE JANUARY 1, 1994:**

If no Application for Adjudication of Claim has been filed, a declaration under penalty of perjury that the Employee's Claim for Worker's Compensation Benefits (Form DWC-1) has been filed pursuant to Labor Code Section 5401 must be executed properly.

**SEE REVERSE SIDE**
**[SUBPOENA INVALID WITHOUT DECLARATION]**

You may fully comply with this subpoena by mailing the records described (or authenticated copies, Evid. Code 1561) to the person and place stated above within ten (10) days of the date if service of this subpoena. This subpoena does not apply to any member of the Highway Patrol, Sheriffs Office or city Police Department unless accompanied by notice from this Board that deposit of the witness fee has been made in accordance with Government code 68097.2, et seq.

DIA WCAB 32 (Side 1) (Rev. 06/94)

## DECLARATION FOR SUBPOENA DUCES TECUM

Case No. ADJ2498007

STATE OF CALIFORNIA, County of Los Angeles

The undersigned states:
That he/she is (one of) the attorney (s) of records/representative (s) for the applicant/defendant in the action captioned on the reverse hereof that Custodian of Records, HealthPointe Medical Group
has in his/her possession or under his/her control the documents described on the reverse hereof. That the said documents are material to the issues involved in the case for the following reasons;

On November 19, 2015 a written request was submitted to patient John Sigler's Employer requesting authorization for treatment by HealthPointe provider, DR. Kirshnareddy. HealthPointe claims they did not receive authorization until on or about December 9, 2015. Mr. Sigler's Workers Compensation insurer, ESIS, claims that authorization was sent to HealthPointe on or about November 25, 2015 via fax and USPS, and the delay in treatment was due to negligence by HealthPointe employees. This subpoena seeks to discern the truth as to when authorization was provided to HealthPointe.

**Declaration for Injuries on or After January 1, 1990 and Before January 1,1994**

☐ That an Employee's Claim for Worker's Compensation Benefits (DWC Form 1) has been filed in accordance with Labor Code Section 5401 by the alleged injured worker whose records are sought, or if the worker is deceased, by the dependent (s) of the decedent, and that a true copy of the form filed is attached hereto. *(Check box if applicable and part of declaration below. See instructions on front of subpoena)*

I declare under penalty if perjury that the foregoing is true and correct.

Executed on July 17 ,2016 at La Mirada , California.

[signature]
Signature

13129 Stern Ave. La Mirada, CA 90638 — Address
714-697-8576 — Telephone

---

## DECLARATION OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles

I, the undersigned, state that I served the foregoing subpoena by showing the original and delivering a true copy thereof, together with a copy of the Declaration in support thereof, to each of the following named persons, personally, at the date and place set forth opposite each name.

| Name of Person Served | Date | Place |
|---|---|---|
| Isabel Portocarrero for Kevin A. Lawrence Agent for service of process for Healthpointe Medical Group | 7/25/2016 | 28720 Roadside Dr. #231 Agoura Hills, Ca. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 25 , 2016 , at La Mirada , California.

[signature]
Signature

DIA WCAB 32 (Side 2) (Rev. 06/94)

HHS Sigler Production 18-cv-00683--000186

**EXHIBIT 10-189**

Page 163 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 164 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 165 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 166 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 167 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 168 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 169 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 170 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 171 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 172 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 173 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 174 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 175 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 176 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act



EXHIBIT 10-203

Page 177 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 178 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 179 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act



EXHIBIT 10-206

Page 180 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 181 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 182 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 183 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 184 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 185 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 186 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 187 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 188 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 189 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 190 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 191 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 192 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 193 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 194 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 195 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 196 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 199 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 200 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 201 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 202 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 203 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 204 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 205 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act

Page 206 of 284

Withheld pursuant to exemption

(b)(7)(E)

of the Freedom of Information Act