FILED

JOHN W. SIGLER,
13129 STERN AVE
LA MIRADA, CA 90638
714-697-8576
Plaintiff in pro per

2018 DEC 14 AM 11: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA

BY LAW

**UNITED STATES DISTRICT COURT**

**FOR CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

JOHN W. SIGLER,

Plaintiff,

vs.

U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,

Defendant

Case No. CV 18-00683 ODW (JCx)

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; PLAINTIFF'S STATEMENT OF GENUINE ISSUES OF MATERIAL FACT; DECLARATION OF JOHN W. SIGLER -- FED. R. CIV. P. 56 (D) ; DECLARATION OF JOHN W. SIGLER -- REBUTTAL OF DEFENDANT'S RULE 7-3 DECLARATION; DECLARATION OF JOHN W. SIGLER -- FORMAL ACKNOWLEDGEMENT LETTER; DECLARATION OF JOHN W. SIGLER -- FOIA EXEMPTION DETERMINATIONS; DECLARATION OF JOHN W. SIGLER -- CIVIL RIGHTS VIOLATIONS; DECLARATION OF JOHN W. SIGLER -- FRAUD AND FALSE STATEMENTS IN OCR ADMINISTRATIVE ACTION

Hearing Date: February 25, 2019
Hearing Time: 1:30 P.M.
Place: First Street Courthouse, Courtroom 5d

Honorable Otis D. Wright II
United States District Judge

# TABLE OF CONTENTS


| Description | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. BACKGROUND | 3 |
| III. ARGUMENT | 7 |
| A. Filings That Do Not Conform To Local Rules and Judicial Standing Orders Will Not Be Considered. | 8 |
| B. Summary Judgment May Be Deferred or Denied When Facts Are Unavailable to the Nonmovant. | 10 |
| C. Summary Judgment Standard | 12 |
| D. Elements of the Marquis Declaration are contradicted by Physical Evidence. | 13 |
| E. Elements of the Marquis Declaration are beyond the scope of the Declarant's personal knowledge. | 15 |
| F. The Marquis Declaration is Wholly Insufficient for Purposes of Exemption b(7)(E) . | 17 |
| G. HHS has failed to Segregate and Release all Non-Exempt Information. | 19 |
| H. Granting Defendant's Motion for Summary Judgment would be unconstitutional. | 21 |
| IV. CONCLUSION | 23 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action is much more than a simple Freedom of Information Act ("FOIA"), 5 U.S.C. $ 552 request by Plaintiff John W. Sigler ("Plaintiff) to the U.S. Department of Health and Human Services ("HHS" or "Defendant") seeking disclosure of documents (which include adverse evidence) related to two Health Insurance Portability and Accountability Act ("HIPAA") complaints (indentified as OCR transaction numbers 16-247377 and 17-258405 ) the Plaintiff filed with HHS's Office for Civil Rights ("OCR") against a former healthcare provider, HealthPointe Medical Group ("HMG").

This is not a "simple", "typical" FOIA action. This action is complicated by the fact that a number of the documents HHS is withholding represent all of the opposing evidence HHS and OCR used in the underlying HIPAA administrative action which resulted in the denial of the Plaintiff access to his medical records. When Governmental action in an administrative action results in injury to an individual, like the loss of access to his property (i.e. the Plaintiff's medical records), refusal to allow the injured party access to the evidence used to prove the Government's case is a violation of the injured party's right to due process, and the act is unconstitutional. HHS's and OCR have already violated the Plaintiff's civil right by making an administrative determination that resulted in the Plaintiff's loss of access to his medical records without providing the Plaintiff the

opportunity to see the evidence used against him so that he has an opportunity to show it is untrue. The Government's position is doubly wrong because evidence disclosed in the accompanying declarations overwhelmingly proves that the Government's decision in the HIPAA action was contrary to the physical evidence. The statements and the position presented by the Government in their Motion for Summary Judgment clearly shows that the Government knowingly and willingly is withholding evidence from the Plaintiff. This is a case of an unfair and biased administrative action conducted by a government office (OCR) which denied an individual his rights to due process; a parent government office (HHS), who is using their FOIA powers to conceal evidence of the unfair and biased administrative action; and a US attorney's office who has ignored the physical evidence of fraud that occurred in the underlying HIPAA action, is seeking through summary judgment to bury all evidence of a civil rights violation, and are ignoring their duty to uphold the law of the United States by turning a blind eye to false statements made by HMG in the underlying HIPAA action(18 U.S.C. 1001 Fraud and False Statements). For these reasons, and based on the evidence disclosed in the attached declarations, the Plaintiff is seeking the court's assistance to: 1) deny HHS's motion for summary judgment, 2) do its own due diligence to weigh the evidence in the underlying HIPAA action and bring to light and take whatever judicial action possible against the acts of fraud that occurred, 3) use its own judgment and power to respond to the civil rights violations and the covering

up of civil rights violations occurring within these government organizations, 4) avoid issuing a finding that is unconstitutional, and finally, 5) be proactive to the extent possible and use the court's power to put an end to this abuse and these civil rights violations.

## II. BACKGROUND

Summary judgment short-circuits the fact-finding function of the federal courts. Instead of boring the court with copious background facts, the plaintiff chooses to assist the court in its fact-finding mission by incorporating relevant facts in the form of questions that the Plaintiff asks the court to consider and address.

a). Why did it take until February 14, 2018 (Defendant's Declaration of Michael S. Marquis ("Marquis Decl.") ¶ 25, nine months after the Plaintiff submitted a FOIA request to HHS on May 10, 2017 , three months after OCR closed their HIPAA investigation, (Marquis Decl Ex 10-153 to 10-154), and two weeks after Plaintiff filed this action, for HHS to disclose any documents concerning the underlying HIPAA administrative action?

b). Why has approximately 98% of HHS's released documents consisted of documents either authored by the Plaintiff or provided to HHS / OCR by the Plaintiff and 0% have been documents submitted to OCR by HMG in their response to the underlying HIPAA complaint against them?

c). Did HMG never provide evidence to contradict the Plaintiff's HIPAA complaint aginst them for missing medical records and did OCR issue a ruling

without supporting evidence, or is OCR and HHS continuing to violate the Plaintiff's rights to due process and seeing the evidence used to injure him?

d). Is it reasonable to believe that every document HMG provided as proof against the Plaintiff in the HIPAA action contains information about law enforcement procedures that is withholdable under Exemption b(7)(E), including innocuous document simply professing innocence?

e). Why did the Plaintiff have to file two almost identical HIPAA complaints starting in August 2016, have to request assistance from his local congresswoman (Marquis. Decl. EX 10-24 to 10-27), and finally send an email on October 31, 2017 to more than ten government offices outlining OCR's failure to act and HHS's failure to disclose information about OCR's inaction (Marquis Decl. 10-73 to 10-74); -- before OCR issued a HIPAA determination letter on November 6, 2017 (Marquis Decl. EX 10-55 to 10-56)?

f). Is it even possible, that in a HIPAA complaint between the Plaintiff and HMG that resulted in the Plaintiff being denied his medical records, there is not one piece of opposing evidence that the Government can disclose to the Plaintiff?

g). If the Government knew they had no discloseable evidence supporting their denial of the Plaintiff's access to his medical records, was it a willful violation of the Plaintiff's civil rights to use said evidence to issue a ruling denying the Plaintiff access to his medical records?

h). In OCR's determination (Marquis Decl. EX 10-55), OCR made the following claims: i) "HMG told OCR it provided the complainant with all his RFA's", ii) "HMG also told OCR that it provided the complainant with copies of all correspondence", and iii) "HMG stated that it terminated the doctor-patient relationship with the complainant by letter dated August 8, 2016 prior to learning of any HIPAA complaints". Is it reasonable to believe that the documentation supporting these statements which OCR has already disclosed, is exempt under b(7)(E), or is the more logical reason that OCR is using Exemption b(7)(E) to cover up fraud and 'secret (agency) law', both acts which the FOIA was designed to prevent?

i). If the court allows summary judgment and the withholding of all adverse evidence against the Plaintiff in the underlying HIPAA complaint, is that ruling a confirmation of HHS and OCR denial of the Plaintiff's due process right to see opposing evidence against him, making the order itself unconstitutional?

j). Is it not a reasonable request that the court review the evidence provided in the initial complaint (Docket No. 1, EX 10), and the evidence provided in (Sigler Declaration – OCR Fraud EX. E. ), and reach its own conclusion about whether fraud, by OCR or by HMG, occurred in the underlying HIPAA administrative action, and support disclosure of such evidence because it would be in the public's best interest, and in the spirit of the FOIA to expose corrupt Government activities ?

k). Is it reasonable to believe that in the ten months OCR took to respond to the underlying HIPAA complaint identified as 17-158405 (complaint filed January 5, 2017 (Marquis Decl. EX 10-165) and confirmed by determination made November 6, 2017 (Marquis Decl. EX 10-55) that HMG provide only one single response containing all of their opposing evidence and testimony identified as "HMG's response to data request" (Marquis Decl. ¶ 26, EX. 10 (Vaughn Index), or did HHS lump all HMG responses into a single item in order confuse the court and apply Exemption b(7)(E) to the compilation to hide evidence of fraud?

l). At what point should the court take the simplest evidence of fraud consisting of copies of emails ( Complaint, Exhibit 10 , and in Sigler Decl. – OCR Fraud Ex. E) which prove that HMG knew about the HIPAA action prior to August 8, 2016 as they have denied, and expose the fraud and coverup that is occurring and do exactly what the FOIA was meant to do being forcing full disclose of all documents "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted)?

m). OCR, HMG, and the Plaintiff, all agree that HMG provided the Plaintiff with 185 pages of medical records (OCR's Letter of Determination, Marquis Decl. 10-55, and Sigler Decl. – OCR Fraud Exhibit B). A key dispute in the HIPAA complaint was whether these 185 pages were all of the patient's

medical records, so a fair and unbiased judge would ask to see this evidence as part of a HIPAA investigation. Did OCR ask to see these records, and if so, where are these records in regards to HHS's document search, or was OCR's HIPAA determination not based on evidence and HHS is withholding all evidentiary documents to conceal, an action which the FOIA was specifically created to stop? The act "represents a strong congressional aversion to 'secret (agency) law', and represents an affirmative congressional purpose to require disclosure of documents which have 'the force and effect of law." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975)

## III. ARGUMENT

HHS has failed to meet its obligation under FOIA with respect to the Plaintiff's request. Physical evidence provided in Sigler Decl. – OCR Fraud shows that the underlying HIPAA investigation was flawed, if not outright biased. There is no worse affront to the legal system than the denial of a person's right to life, liberty, or property without the presentation of evidence against him. In *Greene v. McElroy*, 360 U.S. 474, 496 (1959), the Supreme Court stated "Certain principles have remained relatively immutable in our jurisprudence. One of these is that, where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. …. We have formalized these protections in

the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment, which provides that, in all criminal cases, the accused shall enjoy the right "to be confronted with the witnesses against him." This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases, but also in all types of cases where administrative and regulatory actions were under scrutiny. E.g., *Southern R. Co. v. Virginia*, 290 U. S. 190; *Ohio Bell Telephone Co. v. Public Utilities Commission*, 301 U. S. 292; *Morgan v. United States*, 304 U. S. 1, 304 U. S. 19; *Carter v. Kubler*, 320 U. S. 243; *Reilly v. Pinkus*, 338 U. S. 269. There can be no doubt that the Defendant's Motion for Summary Judgment at this time would result in the Plaintiff being denied access to the evidence used against him in the underlying HIPAA action. There is a genuine issue in dispute as to the Government's usage of Exemption b(7)(E) to deny the Plaintiff access to opposing evidence and the Defendant's Motion for Summary Judgment should be denied because, granting of the motion would be an affirmation by the court that due process, the very basis of our legal system, comes in second place to an agency's desire to cover up fraud and incompetence.

### A. Filings That Do Not Conform To Local Rules and Judicial Standing Orders Will Not Be Considered.

Judicial standing order VII.A requires a Meet and Confer, complying with Local Rule 7-3, prior to filing a motion. The evidence supplied by the Plaintiff (see

Sigler Declaration – Rebuttal of Defendant's Rule 7-3 Declaration) shows that no such meeting took place. The Defendant's claim the Joint Rule 26F meeting suffices, but emails exchanged between the two parties (Sigler Decl. – Rebuttal of Defendant's Rule 7-3 Declaration, Ex. B – G) show there was never any disclosed intent for the Joint Rule 26F phone conference to substitute for the required Rule 7-3 Meet and Confer. The Defendant's own evidence shows that HHS's Marquis Declaration and Vaughn Index (Marquis Decl. ¶ 26, Ex. 10) was not prepared until November 2018, so there was no practical way to "discuss thoroughly" motion issues such as what actual documents HHS had, what documents HHS was refusing to disclose, and what compromise could be reached. Until the Vaughn index was created, "[A]t a minimum, the document descriptions [contained in an agency's affidavit and Vaughn index] should identify the 'length, date, author and brief description of each document' at issue." *Physicians for Human Rights v. Dept. of Def.*, 675 F. Supp. 2d 149, 165-66 (D.D.C. 2009), the content and description of the withheld documents was unknown. With only a previous disclosure of number of pages withheld, no meaningful discussion of the motion could have been held during the Joint Rule 26F phone call, which is why no discussion was held. The critical FOIA issue is disclosure of the HMG's evidence that OCR used to deny the Plaintiff access to his medical records and which HHS and OCR have refused to disclose, identified as "HMG's response to data request". A worthwhile Meet and Confer might have been able to address these documents

because as attorneys, the U.S. Attorneys should understand the importance of due process and access to opposing evidence. The Plaintiff still cannot fathom how members of the U.S. Attorney's office can support the denial of access to opposing evidence which is the very basis of the legal system they have taken oaths to uphold. In compliance with the court's standing order that "Filings that do not conform to the Local Rules and this Order will not be considered", the Plaintiff respectively requests that the Defendant's motion for summary judgment be denied.

**B. Summary Judgment May Be Deferred or Denied When Facts Are Unavailable to the Nonmovant.**

Federal Rules of Civil Procedure, Rule 56 d states that "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it". Declarations presented to the court (see Sigler Decl. – Fed.R.Civ.P.56(d) show that the nonmovant is unable to present facts essential to justifying the Plaintiff's opposition to the Defendant's motion for summary judgment. The provided declaration shows that the Plaintiff is unable to present conclusive evidence supporting the Plaintiff's opposition that Defendant's Statement of Fact #3 is false. In Sigler Declaration – Formal Acknowledgement, the Plaintiff has provided testimony and evidence showing that no formal letter of Acknowledgement was ever received by the Plaintiff. Plaintiff's declaration,

Sigler Declaration - in Support of FED. R. CIV. P. 56 (d) outlines the issue that: i) no letter of acknowledgment was received by the Plaintiff as claimed in Statement of Fact #3, ii) all HHS correspondence to the Plaintiff has been by way of electronic mail (email) an dthe Plaintiff's email logs show no receipt of any such email , iii) due to the court denying the Plaintiff the right to discovery on motion of the Defendant, the Plaintiff is unable to obtain evidence such as outgoing email logs from HHS personnel to substantially prove Defendant's Statement of Fact #3 is false. In as much as the lack of access to discovery is an issue beyond the Plaintiff's ability to control, and since Discovery loss to the Plaintiff was the result of an act by the Defendant and the court, it is only right that in accordance with Fed.R.Civ.P 56(d) the court should defer considering, or deny the Defendant's Motion for Summary Judgment.

In a second issue, Sigler Declaration - in Support of FED. R. CIV. P. 56 (d) outlines the Plaintiff's claim that the documents described in the Defendant's Vaughn Index as "HMG's response to data request" do not qualify for withholding under Exemption b(7)(E). In Sigler Declaration – OCR Fraud, the Plaintiff has provided testimony and physical evidence that false statements were made by the third party Healthpointe Medical Group (HMG), the opposing party in the underlying HIPAA violation action. If false testimony and evidence are contained within the documents identified as "HMG's response to data request", these false statements and records would not meet the standard for withholding

under Exemption b(7)(E). Without the ability to conduct discovery and subpoena third party records from HMG, the Plaintiff is unable to present facts essential to prove the Plaintiff's opposition that these records do not qualify for withholding. Since the lack of access to discovery is an issue beyond the Plaintiff's ability to control, and since Discovery loss to the Plaintiff was the result of an act by the Defendant and the court, it is only right that in accordance with Fed.R.Civ.P 56(d) the court should defer considering, or deny the Defendant's Motion for Summary Judgment.

**C. Summary Judgment Standard**

Summary judgment short-circuits the fact-finding function of the federal courts. It is only "granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In determining whether a genuine issue of fact exists, the court must view all facts in the light most favorable to the non-moving party." *Judicial Watch, Inc. v. Consumer Financial Protection Bureau*, 985 F. Supp. 2d 1, 6 (D.D.C. 2013) (citations omitted). This is equally true here, as "[u]nder FOIA, all underlying facts and inferences are analyzed in the light most favorable to the FOIA requester." Id. (citations omitted). Summary judgment is premature in this case, because "only after an agency proves that is has fully discharged its FOIA obligations is summary judgment appropriate." Id. (citations omitted). Indeed, "[t]he withholding agency bears the burden of establishing that the withheld information qualifies for a statutory exemption from disclosure."

*Trulock v. Dep't of Justice*, 257 F. Supp. 2d 48, 50 (D.C. Cir. 2003) (citation omitted). While "[t]hat burden may be satisfied through submission of an agency declaration describing the material withheld," that declaration "must be relatively detailed and non-conclusory." *Trulock*, 257 F. Supp. 2d at 50; *Judicial Watch*, 985 F. Supp. 2d at 6 (citation and quotation marks omitted). In this unusual case, the Plaintiff will argue that the Defendant's Vaughn Index and accompany Declaration are defective, the personal knowledge of the Declarant is questionable, the descriptions of withheld documents are so vague as to be useless to the Plaintiff and the court, and finally, the Defendant failed to meet their burden of segregability and physical evidence show segregable documents, or portions of documents, do exist.

**D. Elements of the Marquis Declaration are Contradicted by Physical Evidence.**

Summary judgment may be granted to an agency in a FOIA case on the basis of information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemptions, and show that the justifications are not controverted by contrary evidence in the record or by evidence of [agency] bad faith." *Berman v. CIA*,501 F.3d 1136, ff40 (9th Cir. 2007. Falsus in Uno, Falsus in Omnibus (false in one, false in all) is a hoary maxim which allows a fact-finder to disbelieve a witness's entire testimony if the

witness makes a material and conscious falsehood in one aspect of his testimony. *Enying Li v. Holder*, 738 F. 3d 1160 (9th Cir. 2013). The Marquis Declaration is the sole foundation for the Defendant's withholding of the requested FOIA documents. Within the Marquis Declaration, the Declarant states in paragraph 9, "HHS's formal acknowledgment letter assigning Plaintiff's request tracking number 2017 – 0737 – FOIAS– OS was sent to Plaintiff on May 11, 2017." The statements of fact and physical evidence presented in (Declaration of John W. Sigler – Formal Acknowledgment Letter), indicate that said letter was never sent by HHS. As stated in (Declaration of John W. Sigler – Formal Acknowledgment Letter), all such correspondence was sent by HHS through electronic mail, and since (Declaration of John W. Sigler – Formal Acknowledgment Letter, Exhibit B) shows other HHS email was being received by the Plaintiff; the probability of "lost in the mail" is unlikely. As discussed previously under Fed.R.Civ.P.56(d), if th e Plaintiff had the right to Discovery he could request outgoing email logs from HS personnel to quickly determine the truth of Statement of Fact #3. False statements of material facts indicate the Declarant is either unaware of material facts, lacks personal knowledge of the material facts, or is simply parroting the statements required by the court in said documents. The bottom line is that any false statements made by the Declarant calls the truthfulness of the entire document into question. The Declarant chose to write the declaration and the Declarant chose to make a statement which he did not know to be true. While the

Defendant can argue that even though the Declarant was false on this statement, all his other statements are true and accurate, there is no basis for this claim. Returning to the hoary maxim of Falsus in Uno, Falsus in Omnibus (false in one, false in all). Since "[u]nder FOIA, all underlying facts and inferences are analyzed in the light most favorable to the FOIA requester." *Judicial Watch, Inc. v. Consumer Financial Protection Bureau*, 985 F. Supp. 2d 1, 6 (D.D.C. 2013), identified false statements with the Marquis Declaration must bring the truthfulness and accuracy of the entire declaration into question. "Courts should not grant summary judgment for an agency where its affidavit "is "controverted by contrary evidence in the record." *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984), and the Declarant's involvement with, or knowledge of the facts is controverted by contrary evidence in the record which is brought to light by his lack of knowledge of key events The Court should find in the light most favorable to the nonmovant , and that would be that the Marquis Declaration is possibly flawed and deny the Defendant's Motion for Summary Judgment.

**E. Elements of the Marquis Declaration are beyond the scope of the Declarant's personal knowledge.**

Evidence presented in (Declaration of John W. Sigler – Formal Acknowledgement Letter) indicates that the Declarant made false or erroneous statements concerning the sending of a Formal Acknowledgment letter to John W. Sigler dated May 11, 2017. (Disputed Statement of Fact #3). Evidence presented in (Declaration of

John W. Sigler – FOIA Exemption Determinations) shows that all of HHS's FOIA Response Letters were signed by another individual, Michael Bell, not Michael Marquis. In determining whether a genuine issue of material fact exists, the Court must view all facts in the light most favorable to the nonmoving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and the light most favorable to the nonmovant party must view the facts as Michael Marquis was not involved in the FOIA process and is not qualified to declare to the issues stated in the Marquis Declaration and the Vaughn Index based upon the following:

a) the physical evidence discussed in the previous section shows that Michael Marquis has no knowledge about whether a key Acknowledgement Letter was sent, and

b) the person who signed the Response Letters and who stated

> *"I have analyzed these records and find they meet the threshold requirement of this exemption. Additionally, I have reviewed and weighed the public interest in disclosure of this information against the privacy interest in nondisclosure, and found that the privacy interest outweighs the public's interest in disclosure"*

was Michael Bell, not Michael Marquis. The physical evidence indicates that Michael Marquis was not involved in the actual FOIA determinations; and therefore, according to HHS's own records (i.e. the FOIA Response Letters)

Michael Marquis did not make the assessments of exemptions on the documents and did not have the personal knowledge to make the statements he made in the Marquis Declaration.

**F. The Marquis Declaration is Wholly Insufficient for Purposes of Exemption b(7)(E) .**

"[D]isclosure, not secrecy, is the dominant objective" of the FOIA. *Department of Air Force v. Rose*, 425 U.S. 352, 361, 96 S. Ct. 1592, 1599, 48 L. Ed. 2d 11 (1976). An agency that chooses to withhold requested information bears the burden of justifying its decision. *King v. United States Dep't of Justice*, 830 F.2d 210, 217 (D.C.Cir.1987). In order to withhold information an agency must provide "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *King v. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987); see also *Church of Scientology, Inc. v. Turner*, 662 F.2d 784, 787 (D.C. Cir. 1980) ("We have consistently maintained that vague, conclusory affidavits, or those that merely paraphrase the words of a statute, do not allow a reviewing judge to safeguard the public's right of access to government records.").

The burden of demonstrating that the material in question was properly withheld commonly requires the preparation of a detailed Vaughn Index, which must "show specifically and clearly that the requested materials fall into the category of

documents" that Congress has exempted. *Hayden v. NSA*, 608 F.2d 1381, 1390 (D.C. Cir. 1979). "[A]t a minimum, the document descriptions [contained in an agency's affidavit and Vaughn index] should identify the 'length, date, author and brief description of each document' at issue." *Physicians for Human Rights v. Dept. of Def.*, 675 F. Supp. 2d 149, 165-66 (D.D.C. 2009). The Defendant's Vaughn index doubly fails to meet this standard in its identification of 63 documents identified as "HMG's response to data request" and exempted under b(7)(E). The underlying HIPAA violation took place over ten months from January 5, 2017 to November 6, 2017, and documents contained in Marquis Decl. Ex. 10, indicate more than one exchange of material from HMG to OCR. The Marquis Declaration deceptively indentifies these multiple document releases as a single request and a single document. The characterization of these 63 pages as "HMG's response to data request" is insufficient for the court to determine if said pages are one document, or a compilation of numerous documents. This grouping of the redacted documents into a general compilation, and failure to identify the various documents within the compilation, does not enable the Plaintiff or the Court to determine whether the redactions or withholdings were proper under FOIA. ("[A]n affidavit that contains merely a 'categorical description of redacted material coupled with a categorical indication of anticipated consequences of disclosure is clearly inadequate.'"); *King*, 830 F.2d at 225 Since the Defendants have provided a vague, inadequate, and non compliant Vaughn index relating to

the items described as "HMG's response to data request", the court has no information to base a reasonable Exemption judgment on and therefore should deny the Defendants Motion for Summary Judgment.

**G. HHS has failed to Segregate and Release all Non-Exempt Information.**

The statute requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt ...." 5 U.S.C. § 552(b). If an agency withholds a document in full, it bears the burden to demonstrate that no reasonably segregable information exists within the documents withheld. *Pac. Fisheries, Inc. v. United States*, 539 F. 3d 1143, 1148 (9th Cir. 2008). The Court may not "simply approve the withholding of an entire document without entering a finding on segregability." *Church of Scientology v. Dep't of Army*, 611 F.2d 738, 744 (9th Cir. 1979). The Marquis Decl. makes the self-serving blanket statement "All reasonably segregable non-exempt information was segregated and released". Courts have rejected such blanket assertions as to segregability, and the Court cannot affirm Defendants' categorical conclusion without ensuring that it is true for each of the documents at issue. See, e.g., *Church of Scientology*, 611 F.2d at 744. The FOIA request was for records obtained from a HIPAA administrative action claiming that HMG failed to release all of Plaintiff's medical records and retaliated for Plaintiff filing of a HIPAA complaint. Defendant has identified a compilation of documents

from HMG titled "HMG's response to data request". It is impossible to believe that in all the information HMG supplied they did not supply a simple statement disavowing the HIPAA violations. OCR even documented HMG's denials in their November 6, 2017 Letter of Determination (Marquis Decl. Ex10-55). It would be highly unlikely any document containing HMG's denial of charges would qualify as b(7)(E), and most assuredly the portion of any document containing the denial of charge would be segregable. A simple statement of fact by a party, a claim of innocence, could not be consrued as having any capability of revealing law enforcement procedures or guidelines for investigations. This fact alone proves that HHS did not meet its segregability obligation under 5 U.S.C. § 552(b). The court may not "simply approve the withholding of an entire document without entering a finding on segregability"; *N.R.D.C. v. Dep't of Def.*, 388 F. Supp. 2d 1086, 1106 (C.D. Cal. 2005). The description of the compilation identified as "HMG's response to data request" is also so vague it would be impossible for the court to meet its duty to enter a finding on segregability. Because we know there has to be segregable material within the "HMG's response to data request" compilation (at least one claim of innocence), and since the compilation's description is so vague that the court cannot meet its obligation to enter a finding, the Plaintiff requests the court deny the Defendant's Motion for Summary Judgment.

**H. Granting Defendant's Motion for Summary Judgment would be unconstitutional.**

This is probably the most unique argument the court has heard, but it was emphasized that OCR's violation of the Plaintiff's civil rights in the underlying HIPAA action would be an issue. The FOIA request asked for all material associated with the underlying HIPAA administrative action. OCR rendered a decision in that administrative action which resulted in denying the Plaintiff access to his medical records. None of the FOIA released material has contained any documents provided by HMG to OCR as part of the HIPAA action. Since HMG did provide evidence (see Marquis Decl Ex. 10-55, "OCR Letter of Determination"), all of the opposing evidence used by the Government to prove their case has to be contained in the compilation identified as "HMG's response to data request". In *Greene v. McElroy*, 360 U.S. 474, 496 (1959), the Supreme Court stated "Certain principles have remained relatively immutable in our jurisprudence. One of these is that, where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. We have formalized these protections in the requirements of confrontation and cross-examination. They find expression in the Sixth Amendment, which provides that, in all criminal cases, the accused shall enjoy the right "to be confronted with the witnesses against him."

This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases, but also in all types of cases where administrative and regulatory actions were under scrutiny. E.g., *Southern R. Co. v. Virginia*, 290 U. S. 190; *Ohio Bell Telephone Co. v. Public Utilities Commission*, 301 U. S. 292; *Morgan v. United States*, 304 U. S. 1, 304 U. S. 19; *Carter v. Kubler*, 320 U. S. 243; *Reilly v. Pinkus*, 338 U. S. 269. The granting of the Defendant's motion for summary judgment would result in the court denying the Plaintiff access to the very documents, "HMG's response to data request" which were unlawfully withheld from the Plainitff during the HIPAA administrative action, and used by the Government in the administrative action that resulted in serious harm to the Plaintiff (i.e. lost access to his medical records). There is no way around the Plaintiff's civil rights to due process. Once HHS and OCR used the "HMG's response to data request" documents as evidence in their administrative determination, the Government was obligated under the Sixth Amendment to disclose this evidence to the Plaintiff. The Defendant can argue that they did not use the material contained in "HMG's response to data request" in their determination, but then we would cite *Interstate Commerce Comm'n v. Louisville & N. R. Co.*, 227 U. S. 88, 227 U. S. 91, where the Supreme Court declared: "A finding without evidence is arbitrary and baseless. … It would mean that, where rights depended upon facts, the Commission could disregard all rules of evidence, and capriciously make findings by administrative fiat. Such authority, however

beneficently exercised in one case, could be injuriously exerted in another, is inconsistent with rational justice, and comes under the Constitution's condemnation of all arbitrary exercise of power." The Government did state that it used the documentary evidence from HMG in its findings (see Marquis Decl Ex. 10-55, "OCR Letter of Determination") because there was no other source for OCR's statements that HMG denied wrongdoing, so we return to the fact, that by constitutional right and the Sixth Amendment, the documents contained in "HMG's response to Data Request" must be disclosed. Granting of the Defendant's motion for summary judgment would deny the Plaintiff access to the very evidence used against him, and would make the Motion for Summary Judgment unconstitutional; therefore, due to the unconstitutionality of such a motion, the Plaintiff requests the court deny the Defendant's Motion for Summary Judgment.

## IV. CONCLUSION

On a functional basis, the Defendant's Motion for Summary Judgment should be denied because the Defendants failed to comply with Local Rules and Judicial Orders for a Meet and Confer prior to submitting their motion, and secondly, in accordance with Fed.R.Civ.P.56(d), Summary Judgment may be denied or deferred when facts are not available to the nonmovant.

On a factual basis the Defendants failed to meet their burden required under the FOIA for Summary Judgment because:

- the truthfulness, and the personal knowledge claimed in the Marquis Declaration is suspect,
- elements of the Marquis Declaration were shown to be beyond the personal knowledge of a person other than the Declarant,
- the Marquis Declaration was so vague and inadequate regarding the content of the compilation identified as "HMG's response to Data Request" that the court would not be able to perform its FOIA responsibilities, and
- HHS did not meet its segregability requirement sufficient for the court to meet its responsibility to enter a segregability findings, and presented evidence clearly showed that segregable material did exist which the Defendant's failed to disclose.

On top of the functional and factual deficiencies of the Defendants Motion for Summary Judgment, the entire action of the Defendants withholding the requested material is a violation of the Plaintiffs' civil rights to due process because the Defendant's used the withheld material in an administrative action with caused harm to the Plaintiff and the Sixth Amendment requires the Defendant to disclose all evidence used by the Government to deny a person life, liberty or property. The Defendants have provided the court with inadequate grounds to support a FOIA Motion for Summary Judgment and by even asking places the court in the awkward position of any Motion for Summary Judgment being unconstitutional.

Based upon these reasons, the Plaintiff respectfully requests the court deny the Defendant's Motion for Summary Judgment.

Respectfully submitted,

Dated this December 13, 2018,

John W. Sigler, pro per

# Proof of Service

I declare that I am (resident of/employed in) the county of Los Angeles California. I am over the age of eighteen years, my (business/residence) address is:

13129 Stern Ave. La Mirada, CA 90638

On December 14, 2018 I served a copy of

**Plaintiff's Opposition to Defendant's Motion for Summary Judgment**

Which included:

**Plaintiff's Memorandum of Points and Authorities**
**Plaintiff's Statement of Genuine Issues of Material Fact**
**Declaration of John W. Sigler -- Fed. R. Civ. P. 56 (d)**
**Declaration of John W. Sigler -- Rebuttal of Defendant's Rule 7-3 Declaration**
**Declaration of John W. Sigler -- Formal Acknowledgement Letter**
**Declaration of John W. Sigler -- FOIA Exemption Determinations**
**Declaration of John W. Sigler -- Civil Rights Violations**
**Declaration of John W. Sigler -- Fraud And False Statements In OCR Administrative Action**

on the interested parties in this action in the following manner:

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, in the United States mail at the U.S. Post Office located at: 14901 Adelfa Drive, La Mirada, CA 90638 addressed to

Matthew Barragan,
Assistant United States Attorney,
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on (date)

_ __December 14, 2018____, at La Mirada California.

Type or print name ____Anhthu Nguyen____

Signature ______________________________